In the Matter of the Arbitration between BROOKFIELD CLOTHES, INC., Respondent, and ROSEWOOD FABRICS, INC., Appellant.

First Department, October 22, 1957.

*Aaron Rosen* of counsel (*Frederic P. Houston, Melvin Liebowitz* and *Donald L. Kreindler* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for appellant.

*Sidney Orenstein* of counsel (*Mortimer Horowitz* and *Herbert Ferster* with him on the brief; *Drechsler & Leff,* attorneys), for respondent.

*Walter Gordon Merritt* of counsel (*Andrew M. Calamari* with him on the brief; *McLanahan, Merritt & Ingraham,* attorneys), for the National Federation of Textiles, Inc., *amicus curiæ.*

FRANK, J. The respondent appeals from an order granting the petitioner's application for a stay of arbitration proceedings pending before the National Federation of Textiles, Inc.

The order made at Special Term additionally provides that arbitration may proceed if the parties agree upon " any other

arbitration tribunal,'' or, failing such an agreement before an arbitrator to be designated by the court.

The application for the order granted was predicated upon the fact that one Walter Ross, president of the respondent corporation, is a member of the '' Committee on Arbitration '' of the federation, and that the '' Petitioner believes that it will not receive a fair and impartial hearing before said tribunal ''.

The parties entered into a number of contracts for the purchase and sale of certain textiles, each containing a provision for the determination of any controversies by arbitration, in accordance with the rules of the federation. A dispute arose with respect to the merchandise or the payment therefor, and on February 11, 1957 the respondent, the seller of the goods, requested arbitration. By letter dated February 14, 1957 federation notified the petitioner of the demand for arbitration and enclosed a copy of the rules.

The second page of the booklet containing the rules names the committee on arbitration which includes the name of Walter Ross. It thus appears that the petitioner knew, or with reasonable diligence should have known, within a day or two after February 14, 1957, that the respondent's president performed some service in connection with the arbitration committee of federation. The record is clear that Ross was abroad when arbitration was demanded. Upon his return, he wrote to federation disqualifying himself from any committee activities in connection with the controversy. Federation forwarded a copy of this letter to the petitioner.

Under the rules, the committee is directed to compile, revise and keep on file with the arbitration bureau '' a list of not less than one hundred persons qualified and willing to act as arbitrators under these Rules. At least fifty of such arbitrators shall not be members of nor employed by members of the Federation.''

On February 18, 1957 federation mailed a list containing 12 names to each of the parties, with instructions for the disputants to indicate which of the persons named were acceptable as arbitrators, in order of preference. The petitioner failed to respond to this notice within the time required. Thereafter the respondent demanded arbitration on another contract, and federation, as provided by the rules, followed the same procedure taken upon the first demand.

On March 12, 1957 the petitioner wrote to federation for the first time. The letter contained no objection to arbitration for the reasons set forth in the petition herein, but was merely an inquiry with respect to the list of proposed arbitrators. It

appears affirmatively that the first objection made to the arbitration upon the grounds here asserted was made orally on March 29, 1957 by counsel for the petitioner to a member of the firm of attorneys for the respondent. This was some six weeks after the petitioner received a copy of the rules containing Ross's name.

There is nothing in the record to justify a conclusion that the petitioner cannot obtain a fair, unbiased and impartial determination from arbitrators in whose selection it participates. The record is devoid of proof that Ross participated in any way in the preparation of the list of names submitted to the petitioner. It would be improper to assume, without a scintilla of proof to support the conclusion, that a responsible trade association would conspire with one of its members to deprive another of a fair determination of a controversy in an arbitration conducted under its rules. Moreover, the view that arbitrators are merely agents of the parties and, in violation of their oaths, will not be fair and impartial must be rejected in the absence of proof of such misconduct (*Matter of Lipschutz [Gutworth]*), 304 N. Y. 58).

The fact standing alone that Ross served on the committee of arbitration of the federation provides no basis for a denial of arbitration pursuant to the contract of the parties (see *Matter of Jackson & Co. [Companie Gasoliba S. A.]*, 282 App. Div. 125). We cannot rewrite the contract, nor in the absence of statutory provision therefor, may we substitute arbitrators for those selected by the parties (*Matter of Lipschutz [Gutworth]*, 304 N. Y. 58, *supra*). Moreover the application here is not predicated upon any specific section of article 84 of the Civil Practice Act and we can find no statutory authority for the order made at Special Term. If the petitioner can establish that the award eventually made falls within section 1462 of the Civil Practice Act, it can obtain appropriate relief thereunder. (*Matter of Franks [Penn-Uranium Corp.]*, 4 A D 2d 39.)

The order should be reversed and the petition dismissed.

BOTEIN, J. P., VALENTE and McNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the petition dismissed.