In the Matter of the Arbitration between CROSS & BROWN COMPANY, Respondent, and WILLIAM E. NELSON, Appellant.

First Department, October 29, 1957.

*Lester Grossman* for appellant.

*William J. Graham* of counsel (*Harold J. Treanor* with him on the brief; *Cox, Treanor & Shaughnessey*, attorneys), for respondent.

VALENTE, J. In this case we pass upon the validity of a clause in an employment contract which provides: " 10. It is further agreed between the respective parties hereto that any dispute or difference as to any matter in this contract contained shall be settled by submitting the same to arbitration to the Board of Directors of the party of the first part [the employer], whose decision shall be final."

Appellant was employed by petitioner-respondent as a real estate broker under the contract which contained the above-quoted provision. A dispute arose as to appellant's claim to

share certain commissions with other brokers in the employ of respondent. Appellant was discharged in December, 1956, and in April, 1957, he commenced an action in the Supreme Court to recover the amount of commissions claimed. Respondent then served a notice of intention to arbitrate, and offered to substitute the American Arbitration Association or the Real Estate Board of New York as arbitrator. An application was made by respondent at Special Term to stay the Supreme Court action until arbitration be had between the parties; and appellant cross-moved to stay the arbitration proceeding. Special Term enjoined prosecution of the Supreme Court action and refused to stay the arbitration.

Arbitration is a method of adjudication of differences which parties, by consent, substitute for the usual processes provided by law. In *Matter of Atlantic Rayon Corp. (Goldsmith)* (277 App. Div. 554), this court said (p. 555): "While an arbitrator is not a judge in the strict sense, his functions are quasi-judicial in character and he must be a person in a position to act impartially, one who is not biased or prejudiced in favor of or against either side to the controversy." (See, also, *Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co.*, 240 N. Y. 398, 405; *Matter of Friedman*, 215 App. Div. 130, 134.)

A well recognized principle of "natural justice" is that a man may not be a judge in his own cause. Irrespective of any proof of actual bias or prejudice, the law presumes that a party to a dispute cannot have that disinterestedness and impartiality necessary to act in a judicial or quasi-judicial capacity regarding that controversy. This absolute disqualification to act rests upon sound public policy. Any other rule would be repugnant to a proper sense of justice.

The clause in the contract being considered here makes the board of directors of the corporate party to the contract the arbitrators under the agreement. We brush aside any metaphysical subtleties about corporate personality and view the agreement as one in which one of the parties is named as arbitrator. Unless we close our eyes to realities, the agreement here becomes, not a contract to arbitrate, but an engagement to capitulate.

As a general rule, since arbitration is a contractual method of settling disputes, whom the parties choose to act as an arbitrator is a matter of their own judgment. An interest in the dispute or a relationship with a party, if known to the parties to the agreement when the arbitrator is chosen, will not disqualify the arbitrator from acting. In *Matter of Lipschutz (Gutwirth)* (304 N. Y. 58, 61–62), the court said: "The spirit

of the arbitration law being the fuller effectuation of contractual rights, the method for selecting arbitrators and the composition of the arbitral tribunal have been left to the contract of the parties.''

Of course, any claim of the relationship of an arbitrator to a party or of interest in the dispute, which was unknown to a party when the selection was made, can be urged to challenge the award. But we have recently held in *Matter of Franks (Penn-Uranium Corp.)* (4 A D 2d 39) that such matters can be raised only upon a motion to vacate the award after an award has been made. (See, also, *Matter of Brookfield Clothes [Rosewood Fabrics]*, 4 A D 2d 458.)

By our decision herein we do not intend to limit the power of contracting parties to designate arbitrators who, with the knowledge of the parties, may have an interest in the dispute or who sustain some relationship to a party which would otherwise disqualify the arbitrator from serving. What we do hold is that no party to a contract, or someone so identified with the party as to be in fact, even though not in name, the party, can be designated as an arbitrator to decide disputes under it. Apart from outraging public policy, such an agreement is illusory; for while in form it provides for arbitration, in substance it yields the power to an adverse party to decide disputes under the contract.

A party may stay arbitration where there is no valid contract to arbitrate (Civ. Prac. Act, § 1458, subd. 2). For the reasons given above, the invalidity of the instant agreement to arbitrate is proclaimed on its face. Hence, the arbitration proceeding commenced by respondent in reliance thereon should have been stayed; and appellant's suit in the Supreme Court should not have been enjoined.

The order appealed from should be reversed; the motion to stay the action in the Supreme Court, New York County, should be denied and the cross motion to stay the arbitration should be granted, with costs to appellant.

PECK, P. J., BREITEL, BOTEIN and RABIN, JJ., concur.

Order unanimously reversed on the law, the facts not being in dispute, with $20 costs and disbursements to appellant; and the motion of petitioner-respondent to stay the action pending in the Supreme Court, New York County, is denied; and the cross motion of the respondent-appellant to stay the arbitration proceedings is granted.