■ GEORGE A. FULLER COMPANY, INC., Respondent, v ALBIN GUSTAFSON COMPANY, Respondent, and ROCKEFELLER UNIVERSITY, Appellant. In the Matter of the Arbitration between ROCKEFELLER UNIVERSITY, Appellant, and GEORGE A. FULLER COMPANY, Respondent.—Judgment, Supreme Court, New York County, entered September 14, 1976, unanimously affirmed, with one bill of $40 costs and disbursements to respondents. George A. Fuller Company, Inc. (Fuller), a general contractor, is the respondent in an arbitration commenced by its electrical subcontractor, Albin Gustafson Company (Gustafson), to recover damages arising out of delays allegedly caused by Fuller, Rockefeller University (Rockefeller) or Rockefeller's architect. Fuller denies delays occurred but states that if any did occur they were due to Rockefeller's fault. By stipulation between Fuller and Rockefeller, Rockefeller consented to become a third-party respondent in that action. Subsequently, Fuller commenced a separate arbitration against Rockefeller, alleging damages caused by delay on account of Rockefeller's acts of omission and commission. Rockefeller moved to stay the second arbitration proceeding while Fuller sought consolidation of the two arbitration proceedings claiming identity of issues, avoidance of multiplicity, economical and expeditious handling of the disputes, and avoidance of the possibility of conflicting results. The court below denied the application to stay the proceedings and directed that the arbitration proceedings proceed consecutively before the same arbitrators. Rockefeller brought this appeal. Gustafson takes no position in this appeal as long as its arbitration proceeding is allowed to continue. The request for arbitration is pursuant to a written contract between Fuller and Rockefeller which contained a broad arbitration clause. However, claims, disputes and other matters in question between Fuller and Rockefeller relating to the execution or progress of the work or the interpretation of the contract, must first be referred to the architect and no demand for arbitration may be made before the earlier of the date the architect renders his determination or the tenth day after the parties have presented their evidence to the architect or have been given a reasonable opportunity to do so. Delays occurred in the project, allegedly due to faulty design which necessitated additional work. After the construction was completed, Rockefeller agreed to pay Fuller $40,000 to be designated "increase to the fixed fee" and not "delay claim settlement." Thereafter, Fuller requested by letter a partial payment reserving claims of subcontractors as well as some claims by Fuller. Some, but not all, of the reserved items were disposed of by settlement. On March 9, 1976, Fuller submitted a formal notice of claim to the architect claiming breach of contract, increased cost of delays due to defective plans and specifications and claiming over $441,000 in damages. The architect demanded more evidence. On March 19, 1976 Fuller demanded arbitration. The initial issue is whether Fuller is entitled to have arbitration of its alleged claims. As Fuller alleged fault by the architect it would be futile to conduct before the architect lengthy proceedings of Fuller's claim. (See *Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.],* 27 NY2d 357.) The architect was to serve in the manner of an arbitrator but this court has held that an interested party cannot serve as arbitrator. *(Matter of Cross & Brown Co. [Nelson],* 4 AD2d 501.) Thus,

Fuller has not violated any condition precedent by not waiting until 10 days after all the evidence was presented to the architect to commence arbitration proceedings. Further, it is for the arbitrators to determine whether Fuller's claims have been extinguished, as Rockefeller asserts, by an accord and satisfaction. Whether payment of the $40,000 as an "increased fixed fee" extinguishes all claims for damages due to delay is for the arbitrators to decide. The contract provides that unsettled claims made in writing are not deemed to be waived by acceptance of final payment. Sections 30 and 31 of Arbitration Contract & Proceedings by Justice Eager provide that the effect of purported accords and satisfactions, terminations, and cancellations are generally to be resolved by the arbitrators. (See, also, *Matter of Bakery Drivers Union Local 500 [Krug Baking Co. of N. Y.]*, 19 AD2d 301; *Matter of Stein-Tex [IDE Mfg. Co.]*, 9 AD2d 288; and *Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329.) The interpretation of the contract provision is for the arbitrators to decide, where, as here, a broad arbitration clause exists. (8 Weinstein-Korn-Miller, NY Civ Prac, par 7501.23.) Upon our determination that arbitration should not be stayed, we concur for the reasons stated by Mr. Justice Saypol in his decision dated July 28, 1976 that joint-consecutive hearings be held. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Nunez, JJ.