■ NACLERIO CONTRACTING CO., INC., Appellant, v CITY OF NEW YORK et al., Respondents.—Order of the Supreme Court, New York County (Tompkins, J.), entered June 5, 1984, which granted defendants' motion to dismiss the complaint and to compel arbitration to the extent of staying the action and compelling plaintiff to submit all allegations of the complaint for arbitration pursuant to the terms of the contract and

CPLR 7503, unanimously reversed, on the law and the facts, the complaint reinstated and the motion to compel arbitration is denied, without costs.

Plaintiff entered into a standard-form construction contract with the city's Department of Environmental Protection (DEP) through public bidding in February 1980. The contract provided for the construction of a sewer on East 33rd Street from 1st to 2nd Avenues in Manhattan. Due to water main and flooding problems, completion of the construction was delayed. Plaintiff requested issuance of change orders from DEP for additional moneys which were needed as a result of the delays. A change order was issued; however, it was for an amount less than was requested. Plaintiff subsequently commenced this action for, *inter alia*, delay damages. The city moved to compel arbitration. Special Term granted the motion. We reverse.

Special Term upheld the city's contention that article 32 of the contract is a broad arbitration clause which gives the DEP Commissioner the power to act as arbitrator in disputes such as this. Article 32 provides, in part, that the Commissioner "shall have the power: (1) To review and determine any and all questions in relation to this contract and its performance".

Nonetheless, "[i]t is settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes.' [Citations omitted.] The agreement must be clear, explicit and unequivocal [citations omitted] and must not depend upon implication or subtlety [citations omitted]." *(Matter of Waldron [Goddess],* 61 NY2d 181, 183-184.) This standard-form contract does not contain language which demonstrates any intention by the parties to utilize arbitration or any other alternative dispute resolution method. *(See, e.g.,* Coulson, Business Arbitration—What You Need to Know, at 43-58 [2d ed 1982].) Neither the word "arbitration" nor "arbitrator" is mentioned in the contract. Absent an explicit agreement to arbitrate, there are no grounds on which to compel arbitration in this matter. *(Lovisa Constr. Co. v Morse Diesel,* Sup Ct, NY County, Sept. 12, 1984, Wilk, J., *affd without opn sub nom. Lovisa Constr. Co. v City of New York,* 116 AD2d 1047.) Additionally, it is contrary to both general principles of law and public policy to allow a party to a contract to serve as the arbitrator in matters disputed under that same contract.

*(Matter of Cross & Brown Co. [Nelson],* 4 AD2d 501, 503.) Concur—Kupferman, J. P., Ross, Asch, Fein and Kassal, JJ.