**BDO SEIDMAN, Appellant,**

v.

**Hal D. MILLER, Appellee.**

No. 03–96–00201–CV.

Court of Appeals of Texas, Austin.

July 24, 1997.

Robert M. Boyle, Haynes & Boone, L.L.P., Austin, for appellant.

Kathryn E. Allen, Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

## ON MOTION FOR REHEARING

ABOUSSIE, Justice.

The opinion and judgment issued by this Court on March 20, 1997, are withdrawn and the following opinion and judgment are substituted in their place.

This is an interlocutory appeal from an order denying a motion to stay litigation pending arbitration and granting a stay of arbitration.[1] Hal D. Miller, appellee, entered into a partnership agreement with BDO Seidman, appellant. After withdrawing from the partnership, Miller sought a declaratory judgment from the trial court declaring provisions of the partnership agreement unenforceable. BDO filed a motion to stay litigation pending arbitration while Miller sought a stay of the arbitration proceedings. The trial court denied BDO's motion, granted Miller's motion, and ordered the arbitration proceedings be stayed. BDO appeals. We will affirm the trial court's order.

### BACKGROUND

In July of 1995, BDO asked Miller to become a partner and to sign a partnership agreement ("the Agreement"). The Agreement contained an arbitration provision, a noncompetition provision, and a provision specifying damages to be paid to BDO if Miller withdrew from the firm. In October, Miller gave BDO formal notice of his intent to withdraw from the firm and continue to

---

1. *See* Texas General Arbitration Act ("TGAA"), Tex. Civ. Prac. & Rem.Code Ann. §§ 171.002 & .017(a)(1) (West Supp.1997).

practice public accounting in Austin, including providing services to clients he brought with him from his previous employer.

■ Miller filed suit against BDO seeking a declaratory judgment that the arbitration and non-competition provisions of the Agreement were void and unenforceable. BDO filed a motion to stay litigation pending arbitration, and Miller filed a motion to stay arbitration. Following an evidentiary hearing on both motions, the trial court denied BDO's motion and granted Miller's motion to stay arbitration. BDO appeals.[2]

## DISCUSSION

■ In an appeal from an interlocutory order denying a motion to stay litigation following an evidentiary hearing, the applicable standard of review generally is that of "no evidence." *See Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.*, 849 S.W.2d 380, 384 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (applying "no evidence" standard to order denying a motion to stay litigation and compel arbitration); *Wetzel v. Sullivan, King & Sabom*, 745 S.W.2d 78, 79 (Tex.App.—Houston [1st Dist.] 1988, no writ). Under the "no evidence" standard, we consider only the evidence and inferences tending to support the finding under attack and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ When, as in this case, findings of fact and conclusions of law are not requested and none are filed, we must affirm the trial court's judgment if it can be upheld on any legal theory supported by the evidence. *EZ*

*Pawn v. Gonzalez*, 921 S.W.2d 320, 322 (Tex. App.—Corpus Christi 1996, writ denied); *Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 929 (Tex.App.—Houston [1st Dist.] 1996, no writ). BDO contends there were no disputed issues decided at the hearing below and that the trial court rendered its judgment by summary proceeding on undisputed facts. In any event, we believe the trial court's order can be affirmed on the theory that the arbitration clause is invalid and therefore not enforceable.

■ While Texas law favors arbitration, no duty to arbitrate exists in the absence of an enforceable arbitration agreement. A court must, therefore, determine (1) if a valid, enforceable agreement to arbitrate exists and (2) whether the arbitration agreement encompasses the claims asserted. *Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 878 (Tex.App.—Waco 1992, writ denied). Arbitration clauses are interpreted according to general contract principles. *Emerald Tex., Inc. v. Peel*, 920 S.W.2d 398, 402 (Tex.App.—Houston [1st Dist.] 1996, no writ); *Belmont Constructors v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.—Houston [1st Dist.] 1995, no writ).

■ In this case, the partnership agreement included a choice of law clause stating that "[t]his agreement, its validity, construction, administration and effect, shall be governed by and construed in accordance with the laws of the State of New York." When parties provide a choice of law clause to govern the construction and validity of their agreement, that clause controls.[3] *See Volt*

---

**2.** BDO filed this interlocutory appeal and contemporaneously filed a motion for leave to file petition for writ of mandamus. This Court denied BDO's mandamus motion. *BDO Seidman v. Davis*, No. 3–96–274–CV (Tex.App.—Austin June 14, 1996, original proceeding) (not designated for publication). At oral argument, BDO conceded that this interlocutory appeal is brought pursuant to the TGAA only and not under the Federal Arbitration Act ("FAA") as it had urged in its first point of error. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). On rehearing, BDO curiously asserts that the enforceability of the parties' contract is governed solely by the FAA. *See* 9 U.S.C.A. §§ 1–16 (West 1970 & Supp.1997). An order denying arbitration under an agreement governed by the

FAA cannot be reviewed in a Texas state court by interlocutory appeal. *Jack B. Anglin Co.*, 842 S.W.2d at 272.

**3.** BDO argues New York law does not apply because Miller failed to assert the applicability of New York law in his motion to stay arbitration. Miller counters that the applicability of New York law was raised in his brief in support of his motion to stay arbitration. While the transcript does not contain the trial briefs, BDO concedes that Miller argued New York law before the trial court. Additionally, BDO also asserts that the partnership agreement should be interpreted under New York law. We will apply the law of New York to interpret the partnership agreement.

*Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989); *ACE Ins. Co. v. Hartford Accident & Indemnity,* 918 S.W.2d 687, 689 (Tex.App.—Beaumont 1996, no writ). Thus, to determine whether a valid, enforceable arbitration agreement existed between BDO and Miller, we must apply New York contract law.

Arbitration is a method by which parties adjudicate their differences by presenting their controversy to a neutral and impartial third party. To allow a party to act as its own judge necessarily taints the process and is repugnant to a proper sense of justice. *Cross & Brown Co. v. Nelson,* 4 A.D.2d 501, 167 N.Y.S.2d 573, 575 (1957). Generally, parties may designate arbitrators of their choice and may, with the knowledge of the parties, designate arbitrators who have some interest in the dispute or maintain a *relationship* with a party. *Id.* 167 N.Y.S.2d at 576; *see also Westinghouse v. New York City Transit Auth.,* 82 N.Y.2d 47, 603 N.Y.S.2d 404, 407, 623 N.E.2d 531, 534 (1993) (fully known relationship between an arbitrator and a party, including employer and employee relationship, does not disqualify arbitrator); *Siegel v. Lewis,* 40 N.Y.2d 687, 389 N.Y.S.2d 800, 802, 358 N.E.2d 484, 485–86 (1976) (known relationship between two arbitrators and a party, when arbitrators were party's attorney and accountant, did not disqualify arbitrators). However, no *party* to a contract may be designated as an arbitrator to decide disputes under the contract. *Naclerio Contracting Co. v. City of New York,* 116 A.D.2d 463, 496 N.Y.S.2d 444, 445 (1986), *aff'd,* 69 N.Y.2d 794, 513 N.Y.S.2d 115, 505 N.E.2d 625 (1987); *Cross,* 167 N.Y.S.2d at 576. The same applies to someone "so identified with the party as to be in fact the party even though not the party in name." *Cross,* 167 N.Y.S.2d at 576. An agreement in which a party is designated as an arbitrator is illusory and becomes "not a contract to arbitrate, but an engagement to capitulate." *Id.* Therefore, no valid contract to arbitrate exists in such a case and a party is entitled to a stay of arbitration. *Id.*

In *Cross,* the court held an arbitration clause in an employment contract was invalid because the contract designated the employer's board of directors as the arbitrator. *Id.* Miller's contract with BDO designates five arbitrators: three members of BDO's board of directors [4] and two additional BDO partners. As in *Cross,* the arbitrators do not merely have a relationship with BDO or an interest in the dispute, nor are they simply employees of BDO. Rather, as partners of BDO, the designated arbitrators are individual subsets of the partnership and, unlike employees, owe a fiduciary duty to BDO. The five arbitrators are in fact BDO itself, thus creating the inherent inequity of having BDO serve as its own arbitrator to determine matters such as whether BDO is entitled to monetary damages from Miller pursuant to a covenant not to compete. *See Thomas Crimmins Contracting Co. v. City of New York,* 138 A.D.2d 138, 530 N.Y.S.2d 779, 785 (1988). Therefore, the agreement to arbitrate is invalid on its face. Because there is legally sufficient evidence to support this finding, and because the trial court could summarily determine on the basis of the record that the arbitration agreement is invalid and unenforceable, we hold that the trial court did not err in denying BDO's motion to stay litigation and granting Miller's motion to stay arbitration.[5]

### CONCLUSION

Having determined that Miller and BDO did not enter into an enforceable arbitration agreement, we overrule BDO's two points of error complaining of the trial court's refusal to stay litigation and granting a stay of arbitration. We therefore affirm the order of the trial court.

4. BDO's board of directors is comprised of partners of the firm.

5. Even if Texas law applies, our result is the same in determining the validity of the arbitration agreement. *See Manes v. Dallas Baptist College,* 638 S.W.2d 143, 145 (Tex.App.—Dallas 1982, writ ref'd n.r.c.) (College Board of Trustees' designation as arbitrator in employment dispute between College and employee is inconsistent with the theory of arbitration and was an unreasonable interpretation of the contract).