TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








ON MOTION FOR REHEARING






NO. 03-96-00201-CV





BDO Seidman, Appellant


v.


Hal D. Miller, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. 95-14319, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING





 The opinion and judgment issued by this Court on March 20, 1997, are withdrawn and the
following opinion and judgment are substituted in their place. 

 This is an interlocutory appeal from an order denying a motion to stay litigation pending
arbitration and granting a stay of arbitration. (1) Hal D. Miller, appellee, entered into a partnership agreement
with BDO Seidman, appellant. After withdrawing from the partnership, Miller sought a declaratory
judgment from the trial court declaring provisions of the partnership agreement unenforceable. BDO filed
a motion to stay litigation pending arbitration while Miller sought a stay of the arbitration proceedings. The
trial court denied BDO's motion, granted Miller's motion, and ordered the arbitration proceedings be
stayed. BDO appeals. We will affirm the trial court's order.

BACKGROUND


 In July of 1995, BDO asked Miller to become a partner and to sign a partnership
agreement ("the Agreement"). The Agreement contained an arbitration provision, a non-competition
provision, and a provision specifying damages to be paid to BDO if Miller withdrew from the firm. In
October, Miller gave BDO formal notice of his intent to withdraw from the firm and continue to practice
public accounting in Austin, including providing services to clients he brought with him from his previous
employer.

 Miller filed suit against BDO seeking a declaratory judgment that the arbitration and non-competition provisions of the Agreement were void and unenforceable. BDO filed a motion to stay
litigation pending arbitration, and Miller filed a motion to stay arbitration. Following an evidentiary hearing
on both motions, the trial court denied BDO's motion and granted Miller's motion to stay arbitration. BDO
appeals. (2)




DISCUSSION


 In an appeal from an interlocutory order denying a motion to stay litigation following an
evidentiary hearing, the applicable standard of review generally is that of "no evidence." See Hearthshire
Braeswood Plaza Ltd. Partnership v. Bill Kelly Co., 849 S.W.2d 380, 384 (Tex. App.--Houston [14th
Dist.] 1993, writ denied) (applying "no evidence" standard to order denying a motion to stay litigation and
compel arbitration); Wetzel v. Sullivan, King & Sabom, 745 S.W.2d 78, 79 (Tex. App.--Houston [1st
Dist.] 1988, no writ). Under the "no evidence" standard, we consider only the evidence and inferences
tending to support the finding under attack and disregard all evidence and inferences to the contrary. 
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

 When, as in this case, findings of fact and conclusions of law are not requested and none
are filed, we must affirm the trial court's judgment if it can be upheld on any legal theory supported by the
evidence. EZ Pawn v. Gonzalez, 921 S.W.2d 320, 322 (Tex. App.--Corpus Christi 1996, writ denied);
Pepe Int'l Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 929 (Tex. App.--Houston [1st Dist.] 1988,
no writ). BDO contends there were no disputed issues decided at the hearing below and that the trial court
rendered its judgment by summary proceeding on undisputed facts. In any event, we believe the trial
court's order can be affirmed on the theory that the arbitration clause is invalid and therefore not
enforceable. 

 While Texas law favors arbitration, no duty to arbitrate exists in the absence of an
enforceable arbitration agreement. A court must, therefore, determine (1) if a valid, enforceable agreement
to arbitrate exists and (2) whether the arbitration agreement encompasses the claims asserted. Merrill
Lynch, Pierce, Fenner & Smith v. Eddings, 838 S.W.2d 874, 878 (Tex. App.--Waco 1992, writ
denied). Arbitration clauses are interpreted according to general contract principles. Emerald Tex., Inc.
v. Peel, 920 S.W.2d 398, 402 (Tex. App.--Houston [1st Dist.] 1996, no writ); Belmont Constructors
v. Lyondell Petrochemical Co., 896 S.W.2d 352, 357 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 In this case, the partnership agreement included a choice of law clause stating that "[t]his
agreement, its validity, construction, administration and effect, shall be governed by and construed in
accordance with the laws of the State of New York." When parties provide a choice of law clause to
govern the construction and validity of their agreement, that clause controls. (3) See Volt Information
Sciences, Inc. v. Board of Trustees, 409 U.S. 468, 476 (1989); ACE Ins. Co. v. Hartford Accident
& Indemnity, 918 S.W.2d 687, 689 (Tex. App.--Beaumont 1996, no writ). Thus, to determine whether
a valid, enforceable arbitration agreement existed between BDO and Miller, we must apply New York
contract law.

 Arbitration is a method by which parties adjudicate their differences by presenting their
controversy to a neutral and impartial third party. To allow a party to act as its own judge necessarily taints
the process and is repugnant to a proper sense of justice. Cross & Brown Co. v. Nelson, 167 N.Y.S.2d
573, 575 (N.Y. App. Div. 1957). Generally, parties may designate arbitrators of their choice and may,
with the knowledge of the parties, designate arbitrators who have some interest in the dispute or maintain
a relationship with a party. Id. at 576; see also Westinghouse v. New York City Transit Auth., 623
N.E.2d 531, 534 (N.Y. 1993) (fully known relationship between an arbitrator and a party, including
employer and employee relationship, does not disqualify arbitrator); Siegel v. Lewis, 389 N.E.2d 800, 802
(N.Y. 1976) (known relationship between two arbitrators and a party, when arbitrators were party's
attorney and accountant, did not disqualify arbitrators). However, no party to a contract may be
designated as an arbitrator to decide disputes under the contract. Nalcerio Contracting Co. v. City of
New York, 496 N.Y.S.2d 444, 445 (N.Y. App. Div. 1986), aff'd, 505 N.E.2d 625 (N.Y. 1987); Cross,
167 N.Y.S.2d at 576. The same applies to someone "so identified with the party as to be in fact the party
even though not the party in name." Cross, 167 N.Y.S.2d at 576. An agreement in which a party is
designated as an arbitrator is illusory and becomes "not a contract to arbitrate, but an engagement to
capitulate." Id. Therefore, no valid contract to arbitrate exists in such a case and a party is entitled to a
stay of arbitration. Id.

 In Cross, the court held an arbitration clause in an employment contract was invalid
because the contract designated the employer's board of directors as the arbitrator. Id. Miller's contract
with BDO designates five arbitrators: three members of BDO's board of directors (4) and two additional
BDO partners. As in Cross, the arbitrators do not merely have a relationship with BDO or an interest in
the dispute, nor are they simply employees of BDO. Rather, as partners of BDO, the designated
arbitrators are individual subsets of the partnership and, unlike employees, owe a fiduciary duty to BDO. 
The five arbitrators are in fact BDO itself, thus creating the inherent inequity of having BDO serve as its
own arbitrator to determine matters such as whether BDO is entitled to monetary damages from Miller
pursuant to a covenant not to compete. See Thomas Crimmins Contracting Co. v. City of New York,
530 N.Y.S.2d 779, 785 (N.Y. App. Div. 1988). Therefore, the agreement to arbitrate is invalid on its
face. Because there is legally sufficient evidence to support this finding, and because the trial court could
summarily determine on the basis of the record that the arbitration agreement is invalid and unenforceable,
we hold that the trial court did not err in denying BDO's motion to stay litigation and granting Miller's
motion to stay arbitration. (5)


CONCLUSION


 Having determined that Miller and BDO did not enter into an enforceable arbitration
agreement, we overrule BDO's two points of error complaining of the trial court's refusal to stay litigation
and granting a stay of arbitration. We therefore affirm the order of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: July 24, 1997

Publish

1. See Texas General Arbitration Act ("TGAA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 171.002
& .017(a)(1) (West Supp. 1997).
2. BDO filed this interlocutory appeal and contemporaneously filed a motion for leave to file petition
for writ of mandamus. This Court denied BDO's mandamus motion. BDO Seidman v. Davis, No. 3-96-274-CV (Tex. App.--Austin June 14, 1996, original proceeding) (not designated for publication). At oral
argument, BDO conceded that this interlocutory appeal is brought pursuant to the TGAA only and not
under the Federal Arbitration Act ("FAA") as it had urged in its first point of error. See Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). On rehearing, BDO curiously asserts that the
enforceability of the parties' contract is governed solely by the FAA. See 9 U.S.C.A. §§ 1-16 (West 1970
& Supp. 1997). An order denying arbitration under an agreement governed by the FAA cannot be
reviewed in a Texas state court by interlocutory appeal. Jack B. Anglin Co., 842 S.W.2d at 272.
3. BDO argues New York law does not apply because Miller failed to assert the applicability of
New York law in his motion to stay arbitration. Miller counters that the applicability of New York law was
raised in his brief in support of his motion to stay arbitration. While the transcript does not contain the trial
briefs, BDO concedes that Miller argued New York law before the trial court. Additionally, BDO also
asserts that the partnership agreement should be interpreted under New York law. We will apply the law
of New York to interpret the partnership agreement. 
4. BDO's board of directors is comprised of partners of the firm. 
5. Even if Texas law applies, our result is the same in determining the validity of the arbitration
agreement. See Manes v. Dallas Baptist College, 638 S.W.2d 143, 145 (Tex. App.--Dallas 1982, writ
ref'd n.r.e.) (College Board of Trustees' designation as arbitrator in employment dispute between College
and employee is inconsistent with the theory of arbitration and was an unreasonable interpretation of the
contract).


 to someone "so identified with the party as to be in fact the party
even though not the party in name." Cross, 167 N.Y.S.2d at 576. An agreement in which a party is
designated as an arbitrator is illusory and becomes "not a contract to arbitrate, but an engagement to
capitulate." Id. Therefore, no valid contract to arbitrate exists in such a case and a party is entitled to a
stay of arbitration. Id.

 In Cross, the court held an arbitration clause in an employment contract was invalid
because the contract designated the employer's board of directors as the arbitrator. Id. Miller's contract
with BDO designates five arbitrators: three members of BDO's board of directors (4) and two additional
BDO partners. As in Cross, the arbitrators do not merely have a relationship with BDO or an interest in
the dispute, nor are they simply employees of BDO. Rather, as partners of BDO, the designated
arbitrators are individual subsets of the partnership and, unlike employees, owe a fiduciary duty to BDO. 
The five arbitrators are in fact BDO itself, thus creating the inherent inequity of having BDO serve as its
own arbitrator to determine matters such as whether BDO is entitled to monetary damages from Miller
pursuant to a covenant not to compete. See Thomas Crimmins Contracting Co. v. City of New York,
530 N.Y.S.2d 779, 785 (N.Y. App. Div. 1988). Therefore, the agreement to arbitrate is invalid on its
face. Because there is legally sufficient evidence to support this finding, and because the trial court could
summarily determine on the basis of the record that the arbitration agreement is invalid and unenforceable,
we hold that the trial court did not err in denyi