TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00097-CV






Mark Edwards, doing business as The Austin Edwards Company, Appellant



v.



Dwain J. Schuh; Kimberly Schuh; Hardwood Furniture, Inc.; Cabela Properties,


a Texas General Partnership; and Carl Lasner, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 98-06176, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 We must determine whether a subsequent purchaser, when suing a builder based
on the breach of express and implied warranties, is bound by an arbitration clause in the
construction contract entered between the builder and original owner/developer of the building. 
Because we conclude that the express warranty exists independently of the construction contract,
the subsequent purchaser is not bound by the arbitration clause. We will affirm the trial-court
order denying a motion to compel arbitration.


Background


 Carl Lasner executed a contract on behalf of his company, Austin Hardwoods, Inc.,
with appellant Mark Edwards, doing business as The Austin Edwards Company, to construct three
warehouses on adjacent lots. The construction contract contained an arbitration clause and also
a one-year express warranty regarding defects caused by faulty materials, equipment or
workmanship. After completion of the buildings, Edwards wrote a letter to Lasner on April 1,
1997 expressly providing a one-year warranty against defects in materials and labor incorporated
into the construction. The warranty provided that "[a]ny defects arising during [the one-year
period] will be corrected free of charge to the owner." (Emphasis added.) The warranty also
included conditions with which the owner must comply for the warranty to apply. (Emphasis
added.) 

 After completion of the buildings, Lasner sold one property to appellees Dwain J.
Schuh, Kimberly Schuh and Hardwood Furniture, Inc., ("Schuh") and another to appellee Cabela
Properties. Cabela and Schuh later sued Edwards, Lasner and Lasner's real estate broker, for
problems with the buildings. Cabela and Schuh allege Edwards breached the implied warranty
that the improvements were constructed in a good and workmanlike manner, and that Edwards
breached the express warranty set out in his April 1, 1997 letter. Edwards filed a motion to
compel arbitration pursuant to the arbitration clause in the earlier construction contract. The trial
court denied the motion to compel arbitration and Edwards brings this appeal.


Discussion


 In his first issue, Edwards complains that the trial court erred in denying his motion
to compel arbitration with Lasner. The trial court denied Edwards' motion to compel arbitration
with Lasner because Lasner has not filed a claim against Edwards. A court has no jurisdiction
to render an advisory opinion on a controversy that is not yet ripe or to decide a case on
speculative, hypothetical or contingent fact situations. Camarena v. Texas Employment Comm'n,
754 S.W.2d 149, 151 (Tex. 1988); Leibman v. Grand, 981 S.W.2d 426, 438 (Tex. App.-- El Paso
1998, no pet.). Until there are justiciable claims asserted between Lasner and Edwards, the issue
of compelling arbitration between Edwards and Lasner is not ripe for consideration. The trial
court properly denied Edwards' request to compel Lasner to arbitrate. We overrule Edwards' first
issue.

 Edwards contends in his second issue that the trial court erred by denying his
request to compel Schuh and Cabela to arbitrate. Edwards argues that the warranty expressed in
the April 1, 1997 letter does not apply to Schuh and Cabela because it is addressed to Lasner and
only memorialized the construction contract's warranty. Because Schuh and Cabela base their
cause of action on the express warranty which flows from the construction contract according to 
Edwards, he contends they are bound by the construction contract's arbitration clause. Edwards
acknowledges that Schuh and Cabela as subsequent purchasers did not sign the construction
contract; however, he asserts that Schuh and Cabela are third party beneficiaries of the
construction contract, who are bound by its terms.

 Without a specific agreement, a party is under no duty to arbitrate. See Porter &
Clements, L.L.P. v. Stone, 935 S.W.2d 217, 220 (Tex. App.--Houston [1st Dist.] 1996, no writ);
BDO Seidman v. Miller, 949 S.W.2d 858, 860 (Tex.App.--Austin 1997, writ dism'd w.o.j.). Both
Cabela and Schuh testified that they did not agree with Lasner or with Edwards to submit disputes
to arbitration. The only arbitration clause involved is in the construction contract. It obligated
Edwards and Lasner to arbitrate all claims and disputes relating to the contract. The contract
contains numerous provisions relating to construction which have no applicability once the
building is completed. For example, the contract addresses work change order provisions, the
contractor's obligation to pay sales and use taxes and obtain licenses and permits, and the owner's
obligation to furnish all necessary surveys for the work. If disputes arose concerning these
matters, Lasner and Edwards agreed to submit them to arbitration. However, Schuh and Cabela
were not parties to the construction contract. 

 In addition, Schuh and Cabela are not third party beneficiaries of the construction
contract. A third party may recover on a contract between other parties only if the contracting
parties intended to secure some benefit to the third party and entered the contract directly and
primarily for the third party's benefit. Thomson v. Espey Huston & Assocs., Inc., 899 S.W.2d
415, 418 (Tex. App.--Austin 1995, no writ). A contract will not be interpreted as having been
made for a third party's benefit unless that was clearly the intention of the contracting parties. 
Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex. 1975). The construction
contract does not mention subsequent purchasers or Cabela or Schuh, and does not indicate the
parties intended the construction contract to benefit Schuh or Cabela. We conclude that Schuh
and Cabela are not bound by the construction contract as third party beneficiaries. 

 By writing the April 1, 1997 letter, Edwards provided an express warranty
independent of the construction contract on the materials and labor incorporated in the
construction of the warehouses. In an express warranty, the seller may define or limit his
obligation respecting the sale and provide the manner of fulfilling the warranty. Donelson v.
Fairmont Foods Co., 252 S.W.2d 796, 799 (Tex. Civ. App.--Waco 1952, writ ref'd n.r.e.). No
special terms or form is required to make a warranty. See Church & Dwight Co. v. Huey, 961
S.W.2d 560, 568 (Tex. App.--San Antonio 1997, pet. denied) (advertising brochure sufficient to
constitute a warranty); McCrea v. Cubilla Condominium Corp. N.V., 685 S.W.2d 755, 757 (Tex.
App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.) (subsequent letter stating a warranty sufficient
to negate contract's express waiver of all warranties). We conclude the April 1, 1997 letter is an
express warranty covering the materials and labor incorporated into the buildings.

 The addressee on the letter and the fact that the letter is similar to the contract's
warranty provision are not controlling. Although the letter is addressed to Lasner, the letter
warrants the materials and labor to the "owner," and provides instructions to the "owner" who
seeks to enforce the warranty. Schuh and Cabela are now the owners of the buildings. Privity
is not required to enforce an express warranty under the DTPA. See Church & Dwight Co., 961
S.W.2d at 568 (lack of privity between consumer and manufacturer not fatal to breach of express
warranty claim for cleaning material). The April 1, 1997 letter provides an express warranty on
which Schuh and Cabela may base their causes of action against Edwards independent of any
warranty in the construction contract. The April 1, 1997 letter does not contain an arbitration
clause, there is no other evidence Schuh and Cabela ever agreed to arbitrate claims or disputes 
with Edwards, and they are not bound by the arbitration clause in the construction contract. 
Accordingly, we conclude the trial court properly denied the motion to compel arbitration as to
Schuh and Cabela. We overrule issue two. 


Conclusion


 We lift the stay previously entered by this Court, and affirm the trial-court's order
denying the motion to compel arbitration. 



 


 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: October 14, 1999

Do Not Publish  Released for publication November 12, 1999. Tex. R. App. P. 47.3(d).



 Stone, 935 S.W.2d 217, 220 (Tex. App.--Houston [1st Dist.] 1996, no writ);
BDO Seidman v. Miller, 949 S.W.2d 858, 860 (Tex.App.--Austin 1997, writ dism'd w.o.j.). Both
Cabela and Schuh testified that they did not agree with Lasner or with Edwards to submit disputes
to arbitration. The only arbitration clause involved is in the construction contract. It obligated
Edwards and Lasner to arbitrate all claims and disputes relating to the contract. The contract
contains numerous provisions relating to construction which have no applicability once the
building is completed. For example, the contract addresses work change order provisions, the
contractor's obligation to pay sales and use taxes and obtain licenses and permits, and the owner's
obligation to furnish all necessary surveys for the work. If disputes arose concerning these
matters, Lasner and Edwards agreed to submit them to arbitration. However, Schuh and Cabela
were not parties to the construction contract. 

 In addition, Schuh and Cabela are not third party beneficiaries of the construction
contract. A third party may recover on a contract between other parties only if the contracting
parties intended to secure some benefit to the third party and entered the contract directly and
primarily for the third party's benefit. Thomson v. Espey Huston & Assocs., Inc., 899 S.W.2d
415, 418 (Tex. App.--Austin 1995, no writ). A contract will not be interpreted as having been
made for a third party's benefit unless that was clearly the intention of the contracting parties. 
Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex. 1975). The construction
contract does not mention subsequent purchasers or Cabela or Schuh, and does not indicate the
parties intended the construction contract to benefit Schuh or Cabela. We conclude that Schuh
and Cabela are not bound by the construction contract as third party beneficiaries. 

 By writing the April 1, 1997 letter, Edwards provided an express warranty
independent of the construction contract on the materials and labor incorporated in the
construction of the warehouses. In an express warranty, the seller may define or limit his
obligation respecting the sale and provide the manner of fulfilling the warranty. Donelson v.
Fairmont Foods Co., 252 S.W.2d 796, 799 (Tex. Civ. App.--Waco 1952, writ ref'd n.r.e.). No
special terms or form is required to make a warranty. See Church & Dwight Co. v. Huey, 961
S.W.2d 560, 568 (Tex. App.--San Antonio 1997, pet. denied) (advertising brochure sufficient to
constitute a warranty); McCrea v. Cubilla Condominium Corp. N.V., 685 S.W.2d 755, 757 (Tex.
App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.) (subsequent letter stating a warranty sufficient
to negate contract's express waiver of all warranties). We conclude the April 1, 1997 letter is an
express warranty covering the materials and labor incorporated into the buildings.

 The addressee on the letter and the fact that the letter is similar to the contract's
warranty provision are not controlling. Although the letter is addressed to Lasner, the letter
warrants the materials and labor to the "owner," and provides instructions to the "owner" who
seeks to enforce the warranty. Schuh and Cabela are now the owners of the buildings. Privity
is not required to enforce an express warranty under the DTPA. See Church & Dwight Co., 961
S.W.2d at 568 (lack of privity between consumer and manufacturer not fatal to breach of express
warranty claim for cleaning material). The April 1, 1997 letter provides an express warranty on
which Schuh and Cabela may base their causes of action against Edwards independent of any
warranty in the construction contract. The April 1, 1997 letter does not contain an arbitration
clause, there is no other evidence Schuh and Cabela ever agreed to arbitrate claims or disputes 
with Edwards, and they are not bound by the arbitration clause in the construction contract. 
Accordingly, we conclude the trial court properly denied the motion to compel arbitration as to
Schuh and Cabela. We overrule issue two. 


Conclusion