Fahey, J.
The plaintiffs, James C. Buhrer, C. Todd Deppe, and Thomas F. Morrill (collectively as “plaintiffs”), bring this action against the defendant, BDO Seidman, LLP (“defendant”), alleging common-law claims for breach of contract, breach of implied covenant of good faith and fair dealing, and fraudulent misrepresentation, and statutoiy claims for unfair and deceptive trade practices under G.L.c. 93A, accounting, declaratoiy relief and a violation of G.L.c. 149, *552 §150. The defendant now moves to compel arbitration of the plaintiffs’ claims and to stay all proceedings in this action until arbitration has been completed. The plaintiffs oppose the motion. For the reasons stated below, the defendant’s motion is DENIED.
Background
The defendant is a national accounting and consulting firm and the plaintiffs are the founders and former owners of NuBridge Consulting Group, Inc. (“NuBridge"), a closely held Massachusetts corporation organized in 1996. NuBridge operated as a customer relationship management technology consulting firm. In early 2000, after engaging in discussions since mid-1999, the plaintiffs became full equity partners of the defendant by executing a Partnership Agreement and a Supplemental Agreement. In October 2000, soon after joining the defendant, the plaintiffs withdrew from the partnership upon their belief that the defendant was engaged in fraud. The Partnership Agreement contains an arbitration provision which states, in relevant part:
Any dispute or controversy shall be considered and decided by an arbitration panel consisting of two (2) members of the Board of Directors (other than the Chairman and Chief Executive Partner) selected by the Board of Directors and three (3) Partners from the Partnership’s practice office who are not members of the Board of Directors. The members of the arbitration panel shall be mutually agreed to by the Board of Directors and the parties to the controversy or dispute, provided that no member of the panel shall be from an office in which any complaining Partner was located at the time of the filing of the complaint, nor be otherwise involved in the controversy or dispute . . .
The Supplemental Agreement also contains an arbitration provision which states, in relevant part: “(t]he provisions for arbitration of any controversy or dispute contained in Section 14.8 of the Partnership Agreement shall be applicable to any controversy or dispute arising out of this Supplemental Agreement...” The Partnership Agreement and the Supplemental Agreement provide that the agreements are to be governed by, and construed in accordance with, the laws of the State of New York.
In November 2002, the plaintiffs filed this lawsuit, and on February 28, 2003, the defendant filed the instant motion to compel arbitration and stay proceedings.
Discussion
The parties agree that the Federal Arbitration Act, 9 U.S.C. §1 et seq. (“FAA”), governs the interpretation of the arbitration provision in this matter. Pursuant to 9 U.S.C. §2, arbitration agreements “shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" 9 U.S.C. §2 (emphasis added). The Supreme Court has clearly stated that “contract defenses, such as fraud, duress, or unconscionability, maybe applied to invalidate arbitration agreements without contravening §2 [of the FAA].” Doctor’s Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996); see also Murray v. United Food & Commercial Workers Int'l Union, Local 400, 289 F.3d 297, 302 (4th Cir. 2002) (recognizing that “the FAA specifically contemplates that parties may also seek revocation of an arbitration agreement” on grounds of unconscionability).
In addressing the use of general contract defenses to invalidate arbitration clauses under the FAA, the Supreme Court has stated, “state law may be applied ‘if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.’ ” Doctor’s Assocs., 517 U.S. at 686-87, quoting Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987). Therefore, “]w]hile federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first instance.” Eassa Props. v. Shearson Lehman Bros., Inc., 851 F.2d 1301, 1304 n.7 (11th Cir. 1988); see also Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002), quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995) (noting that to determine whether a valid agreement to arbitrate exists, the court “should apply ordinary state-law principles that govern the formation of contracts”). Because the plaintiffs in this case are challenging the validity of the arbitration provision by alleging that it is substantively unconscionable, this court will apply state law to address the issue.[2] See Circuit City Stores, 279 F.3d at 892 (stating “general contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements”).
In addressing the validity of the parties’ arbitration provision, this court must determine which state’s contract law applies to the issue. The defendant argues that New York law should apply because it was specified as the choice of law in the Partnership Agreement and the Supplemental Agreement.[3] The plaintiffs argue in their Opposition that the court should look to Massachusetts law, where most of the key contacts occurred, and or New York as is referenced by the agreements.[4] When addressing the unconscio-nability issue, however, the plaintiffs rely primarily on a Texas court’s interpretation of New York law. Neither party instructs this court of any material difference in the contract law of Massachusetts or New York. Nonetheless, because the parties chose New York law in their agreements and both reference New York law in their arguments, this court will apply New York law. See Morris v. Watsco, Inc., 385 Mass. 672, 674 (1982) (“Massachusetts law has recognized, within reason, the right of the parties to a transaction to select the law governing their relationship").
*553 The plaintiffs claim that the arbitration provision is substantively unconscionable.[5] Substantive unconscionability occurs when contract terms are unreasonably favorable to one party. See Gilman v. Chase Manhattan Bank, N.A., 534 N.E.2d 824, 829 (N.Y. 1988) (stating that the question of substantive unconscionability “entails an analysis of the substance of the bargain to determine whether the terms were unreasonably favorable to the party against whom the unconscionability is urged'. . .”). This is distinguished from procedural unconscionability which “requires an examination of the contract formation process and the alleged lack of meaningful choice.” Id. at 828. The determination of unconscionability, while ordinarily based on a finding of both procedural and substantive components, can be based on the substantive component alone when “a provision of the contract is so outrageous as to warrant holding it unenforceable...” Id. at 829.
The plaintiffs contend that the arbitration provision at issue is facially unfair and substantively unconscionable because it mandates the selection of non-neutral arbitrators, who have a fiduciary duty to the defendant. Pursuant to New York law,
no party to a contract, or someone so identified with the party as to be in fact, even though not in name, the party, can be designated as an arbitrator to decide disputes under it. Apart from outraging public policy, such an agreement is illusory; for while in form it provides for arbitration, in substance it yields the power to an adverse party to decide disputes under the contract.
Cross & Brown Co. v. Nelson, 167 N.Y.S.2d 573, 576 (N.Y.App.Div. 1957); see also BDO Seidman v. Miller, 949 S.W.2d 858, 861 (Tex.Ct.App. 1997) (“Miller”) (applying New York law and finding that no party to a contract, including members of a party’s board of directors, can serve as arbitrators to decide issues arising out of the contract). In Cross, the arbitration clause had the following language: “10. It is further agreed between the respective parties hereto that any dispute or difference as to any matter in this contract contained shall be settled by submitting the same to arbitration to the Board of Directors of the pariy of the first part [the employer], whose decision shall be final.” 167 N.Y.S.2d at 575. The court found that the arbitration clause was invalid because it provided for an arbitrator who belonged to the board of directors of one party. Id. at 576. The Cross court, the only New York appellate court to have considered this issue (per the parties and this court’s research), denied a motion to stay the court proceedings. Id.
The arbitration provision in this case has some striking similarities to the clause at issue in Cross. Namely, the arbitration provision in the Partnership Agreement provides for an arbitration panel consisting only of members of the defendant’s board of directors and other partners of the defendant. The relationship between the designated arbitrators and the defendant is clear, “as partners of BDO, the designated arbitrators are individual subsets of the partnership and, unlike employees, owe a fiduciary duty to BDO.” Miller, 949 S.W.2d at 861.[6] Use of such arbitrators, who owe a fiduciary duty to one party, creates an “inherent inequity of having [a party] serve as its own arbitrator to determine matters” under the contract. Id. Indeed, the financial interests of the arbitrators are identical to those of the defendant; this is clearly inequitable and unjust. It is beyond question that “[t]o allow a party to act as its own judge necessarily taints the process and is repugnant to a proper sense of justice.” Id., citing Cross, 167 N.Y.S.2d at 575.
Although the defendant has cited other decisions upholding the validity of this exact arbitration provision, including lower court decisions in Massachusetts and New York, this court finds the rationale and language in Cross compelling. While this court is obviously respectful of the various trial court decisions requiring arbitration under an identical provision with resorting to post-arbitration judicial remedies if dissatisfied with the arbitration on which the defendant relies, result, this court is not satisfied those decisions appropriately consider the effect of Cross, the only New York appellate decision on this issue. Similarly, this court appreciates the unpublished decision of the New York lower court regarding this very arbitration provision, but will not look to that unpublished case as precedent when it has the language of a New York appellate court’s decision, Cross, upon which to rely. Moreover, this court recognizes that if the parties are dissatisfied with the result of this litigation, they have the right to appeal this court’s decision.
The provision at issue mandates that the arbitrators be individuals who owe fiduciary responsibilities to the defendant and who are “so identified with the party as to be in fact, even though not in name, the party”; this is offensive to basic notions of fairness. Cross, 167 N.Y.S.2d at 576; see also Miller, 949 S.W.2d at 861. Accordingly, this court holds that the arbitration provision is invalid on its face and unenforceable.[7]
ORDER
For the reasons stated above, it is hereby ORDERED that the defendant’s motion to compel arbitration and stay proceedings is DENIED.

The plaintiffs also argue that the arbitration provision does not apply to them because their claims do not fall within the subject matter of the provision and moreover, the provision does not cover disputes with former partners. This court need not address these issues as its decision on the unconscionability of the provision is determinative of the current motion.

The Partnership Agreement states, “ 16.9 This agreement, its validity, construction, administration and effect, shall be governed by and construed in accordance with the laws of the State of New York.” The Supplemental Agreement states, “10. *554 This Supplemental Agreement shall be governed by and construed in accordance with the laws of the State of New York, excluding the conflicts of law provisions.”

In their Sur-Reply, plaintiffs rely on Broadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 296-97 (3rd Cir. 2001), to argue that a general choice of law provision in an agreement does not supplant the FAA. In so relying, the plaintiffs argue that the FAA should apply with reference only to Massachusetts law. The plaintiffs’ argument is not only inconsistent with their initial reliance on New York law in their Opposition and continued reliance on New York law in their Sur-Reply; it is also misplaced. This court is not supplanting the FAA by applying the general choice of law provisions in the Partnership Agreement and the Supplemental Agreement. Case law interpreting the FAA directs this court to apply state law when unconscionability is an issue. See Doctor’s Assocs. 517 U.S. at 686-87; Eassa Props., 851 F.2d at 1304 n.7; Circuit City Stores, 279 F.3d at 892, quoting First Options of Chi., 514 U.S. at 944. In addressing the issue of unconscionability, therefore, this court must determine which state law to apply, Massachusetts or New York. It is in making this determination that this court properly looks to the parties’ choice of law provisions in the Partnership Agreement and the Supplemental Agreement. Morris, 385 Mass. at 674.

The plaintiffs also argue in a footnote within their Opposition that evidence of procedural unconscionability exists in this case. The evidence as to this claim is scant. However, this court need not address this issue because its analysis of the substantive unconscionability claim is determinative of the present motion.

The defendant relies on Westinghouse Elec. Corp. v. New York City Transit Auth., 623 N.E.2d 531 (N.Y. 1993), to support its position that the arbitration provision is not substantively unconscionable. This court finds the defendant’s reliance upon Westinghouse Elec, unpersuasive. Westinghouse Elec, involved the question of whether an employee of one party to a contract could serve as an arbitrator. This case, in contrast, involves the issue of whether members of the defendant’s board of directors and partners, all of whom owe a fiduciary duly to the defendant partnership, can fairly serve as arbitrators.

This result does not appear to be contrary to Massachusetts law. Importantly, this court has not found, nor have the parties cited, any Massachusetts cases decided by the Supreme Judicial Court or the Appeals Court which address the validity of an arbitration provision similar to the one at issue in this case.