■ In the Matter of the Arbitration between the METHODIST CHURCH OF BABYLON, Appellant, and GLEN-RICH CONSTRUCTION CORP., Respondent.— In a proceeding to stay arbitration, order of the Supreme Court, Nassau County, dated December 20, 1966, which denied the application, reversed, on the law and the facts, with costs, and application granted to the extent of staying arbitration pending determination by the court, pursuant to CPLR 7503 (subd. [a]) of the issues relating to noncompliance with the time requirements and conditions precedent for arbitration, found in articles 16, 20, 39 and 40 of the standard form portion of the parties' contract. We are in accord with *Matter of Duke Labs. (Lutz Co.)* (9 Misc 2d 779, affd. 8 A D 2d 800), principally because that case rests on the firm foundation of *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.* (305 N. Y. 36); the latter is not materially distinguishable from the instant appeal. The respondent general contractor, which seeks arbitration in this controversy, first tried to recover from its subcontractors for certain corrective work done under the contract. Unsuccessful in that, respondent then turned to a lawsuit against its contractee owner, the appellant. That action was stayed in 1966 without any direction that arbitration should proceed. It has been noted that CPLR 7503 no longer permits a simple stay of action as under section 1451 of the former Civil Practice Act; now the procedure is to seek to compel arbitration and, if granted, a stay of action is automatic pursuant to CPLR 7503 (subd. [a]) (see, Supplementary Practice Commentary on CPLR 7503 in McKinney's Cons. Laws of N. Y., Book 7B, 1967 Pocket Part [CPLR 6001–7700], pp. 91–92, which suggests that the change is an apparent legislative oversight). The order staying the action against appellant is not before us and we construe it, to the extent that we have to, as being merely an exercise of the general power of a court to stay proceedings in a proper case (CPLR 2201). No appeal was taken from that order. The next step was respondent's service of a notice and demand for arbitration. Appellant brought the instant proceeding to stay that arbitration on grounds of noncompliance with conditions precedent and time requirements of the arbitration provisions of the agreement. *Matter of Duke Labs. (Lutz Co.)* (9 Misc 2d 779, *supra*) and *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.* (305 N. Y. 36, *supra*) support the steps employed by appellant. It is particularly important to determine whether the contract's requirement that " The demand for arbitration shall be made within a reasonable time after the dispute has arisen" has been complied with in light of all surrounding factors. The issues of noncompliance with conditions precedent and time requirements are for the court in the first instance in this controversy where the arbitration clause is a very narrow one. There is no general delegation to the arbitrators to decide all controversies; here the arbitrators may decide

only those questions specifically made arbitrable within the contract terms. Not too long ago, with the exact same standard contract provisions in controversy, this court held these same issues to be for the court and not for the arbitrator and we directed a trial on the fact questions raised (*Matter of Board of Educ., City School Dist. of New Rochelle* v. *Bernard Associates No. 3*, 11 A D 2d 1038). As there, the parties here would be better served by a resolution of these factual questions by trial. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.