OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioners union and its president, in a CPLR article 78 proceeding, seek to compel respondents, the City of New York, the City Office of Labor Relations, and its director, to implement salary increases provided for in a collective bargaining agreement. Following an unsuccessful attempt by the city to perfect removal to Federal court, Special Term denied a motion to dismiss for failure to exhaust administrative remedies, namely the grievance and arbitration procedure in the agreement. A unanimous Appellate Division reversed, dismissed the petition, and directed the parties to proceed to arbitration. The union appeals.
 

 The issue is whether by filing a petition to remove the proceeding to Federal court, and subsequently moving in Federal court for dismissal of the proceeding, the city waived its right to assert that arbitration was the proper and exclusive remedy.
 

 There should be a modification to eliminate the dismissal of the petition and the direction to proceed to arbitration, and the proceeding should be stayed. The city’s right to assert that arbitration was the proper and exclusive remedy was not waived. The petition for removal and the motion to dismiss were directed at the subject matter jurisdiction of the courts, a use of the judicial process not inconsistent with an intention to rely on the arbitration remedy. Nor was that intention asserted with unreasonable delay. Once the issue of subject matter jurisdiction was resolved, and the matter remanded to State court, the city raised its alternative right to rely on the arbitration remedy in another "motion to dismiss”.
 

 The city, assertedly acting under the Economic Stabilization Act of 1970 (see notes under US Code, tit 12, § 1904), refused to implement the full 7.3% second-year wage and salary adjudgments in its collective bargaining agreement with petitioner union. Following the procedures spelled out in the agreement, the union filed a grievance. When the grievance was denied, however, instead of proceeding with the next step of the grievance machinery, which called for "impartial” arbitration, the union, on June 27, 1974, brought this CPLR article 78 proceeding.
 

 
 *737
 
 The city, without mentioning its right to rely on arbitration, filed a petition for removal to Federal court (see US Code, tit 28, § 1441). According to the city, under section 211 (subd a) of the Economic Stabilization Act (see notes under US Code, tit 12, § 1904), the Federal court had exclusive original jurisdiction over the dispute. The union, opposing removal, moved to remand to State court, and the city, again with no mention of arbitration, cross-moved to dismiss. Since the State court was assertedly without jurisdiction, and since removal jurisdiction of the Federal court is derivative only, according to the city the Federal court, too, could not hear the matter (see, e.g.,
 
 Minnesota v United States,
 
 305 US 382, 389).
 

 The union prevailed. Holding that "exclusive original jurisdiction, in this instance, did not reside in a federal district court”, the district court granted the union’s motion to remand, and denied the city’s motion to dismiss
 
 (Allied Bldg. Inspectors Local 211 v Office of Labor Relations,
 
 No. 74 Civ. 3237 [CHT], SDNY, June 5, 1975). On August 14, the proceeding was restored to the calendar of Special Term. Within one month, on September 12, 1975, the city, again moving to dismiss, asserted for the first time the union’s failure to proceed with arbitration under the terms of the agreement.
 

 Although the city’s status in the article 78 proceeding is a defensive one, namely, that of respondent, its right to rely on arbitration as the proper remedy is not absolute because it may be waived (see, e.g.,
 
 Matter of Zimmerman v Cohen,
 
 236 NY 15, 18-19; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7503.16, 7503.17). "In the absence of unreasonable delay”, as this court has held, "so long as the defendant’s actions are consistent with an assertion of the right to arbitrate, there is no waiver”
 
 (De Sapio v Kohlmeyer,
 
 35 NY2d 402, 405). Thus, the court will look not only to the degree of participation in the litigation, but to whether the participation evinces an affirmative acceptance of the judicial forum (compare
 
 id.
 
 [procuring plaintiff’s deposition and cross-claiming for apportionment held to be a waiver], with
 
 Matter of Haupt v Rose,
 
 265 NY 108, 110-111 [entering stipulation to extend time to answer coupled with moving to dismiss the complaint and, in the alternative, separately state and number causes of action does not work a waiver]).
 

 Removal was sought by the city because, based on its interpretation of the Federal law, the State court was preempted. In other words, the city, albeit incorrectly, thought
 
 *738
 
 that the State court, due to a supervening and pre-emptive Federal law, had no subject matter jurisdiction. So, too, its motion to dismiss in Federal court was based on lack of subject matter jurisdiction, namely, because on removal Federal jurisdiction will lie only if the State court from which the action had been removed had subject matter jurisdiction.
 

 At no point was the city looking to the courts to justify withholding of the full wage and salary increases. Prior to assertion of the right to rely on the arbitration remedy, its use of the judicial process was limited to a legitimate testing of the subject matter jurisdiction of both the State and Federal courts. Once that issue was resolved, the reliance on the arbitration remedy was raised without unreasonable delay. It cannot be said, therefore, that there had been a waiver.
 

 The city, it is true, did not mention its alternative right to rely on the arbitration remedy until the proceeding was remanded to State court. It would, of course, have been better and timesaving for the litigants and the courts if the city had initially asserted, if only contingently, its right to insist on arbitration. Determinative, however, is that the city’s reasons for seeking removal, and later moving to dismiss in the Federal court, were not inconsistent with an intention to arbitrate. (Cf.
 
 City Trade & Ind. v New Cent. Jute Mills Co.,
 
 25 NY2d 49, 55.)
 

 Neither the dismissal of the petition nor the direction to proceed to arbitration, however, can stand. An agreement to arbitrate is not a defense to an action
 
 (De Sapio v Kohlmeyer,
 
 35 NY2d 402, 404, n 1,
 
 supra).
 
 Thus, it may not be the basis for a motion to dismiss. (See, e.g., 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7503.19, 7503.20.) CPLR 7503 (subd [a]) provides, instead, for a motion to compel arbitration. In the alternative, the court, without directing arbitration, may stay the action (see, e.g.,
 
 Matter of Methodist Church of Babylon [Glen-Rich Constr. CorpJ,
 
 29 AD2d 773, affd 27 NY2d 357; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7503.18; see, also, McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7503, p 275). The city, for some reason, did not move to compel arbitration. Instead, it moved for dismissal and for such other relief as the court deems just and proper. Since, as noted, a dismissal is improper, the appropriate remedy is a stay of the judicial proceeding.
 

 Accordingly, the order of the Appellate Division should be
 
 *739
 
 modified, without costs, to eliminate the dismissal of the petition and the direction to proceed to arbitration, and the proceeding should be stayed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.