■ In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v CAROL A. HARLOW, as Assessor of the Town of North Greenbush, et al., Respondents. [788 NYS2d 247]—

Lahtinen, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 17, 2003 in Rensselaer County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to dismiss the petition.

Petitioner was the beneficiary of certain tax incentives provided in a payment in lieu of tax agreement (hereinafter agreement) that it entered into in 1991 with the Rensselaer County Industrial Development Agency (hereinafter Agency), which owned land that petitioner leased for its business enterprise (see generally General Municipal Law art 18-A). Under the agreement, "[t]he value of the Land and the Facility for purposes of determining payments in lieu of taxes . . . [are] determined by the appropriate Assessors" subject to being "equalized if necessary by using the appropriate equalization rates." Petitioner paid the Agency a percentage of the amount of taxes, with such percentage starting at 50% in the second tax year and increasing by 5% increments until reaching 100% in the twelfth tax year. The agreement provided that, in the event that "the Agency, [petitioner] and any Assessor shall fail to reach agreement as to the proper Assessed Value of the Land and the Facility for purposes of determining payments in lieu of taxes," then the dispute would be resolved by an arbitration procedure set forth in the agreement.

In 2002, petitioner notified the local assessor that it disagreed with the value placed on the subject property. When no agreement was reached as to value, petitioner commenced this proceeding pursuant to RPTL article 7. Respondents moved for, among other things, dismissal upon various grounds, including that the dispute must be submitted to arbitration. Respondents also asserted that the attempt to dispute value was improper because, under the agreement, a challenge was only authorized for 30 days from notice of the initial valuation (which allegedly had occurred in 1991) or if there was a change in assessed value. While the equalization rate had changed, the value placed on

the property by the local assessor had not changed since 1991. Supreme Court granted the motion, ostensibly on both grounds, and dismissed the petition.

To the extent (if any) that the right to challenge an assessment that has not been recently changed by the assessor survives under the agreement, the agreement unequivocally provides that the challenge must occur through arbitration. Petitioner's RPTL article 7 proceeding was improper (*see Matter of Town of Wallkill Indus. Dev. Agency v Assessor of Town of Wallkill*, 270 AD2d 494, 495 [2000], *lv denied* 95 NY2d 764 [2000]). We note that, in the event that petitioner now pursues arbitration, respondents' argument that, under the prevailing circumstances, petitioner waived all right to any review (including arbitration) may be raised either via a request for a stay or in the context of the arbitration (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). We affirm solely upon the ground that commencing an RPTL article 7 proceeding was palpably improper in light of the arbitration requirement and reach no other issues.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.