OPINION OF THE COURT
Memorandum.
Order modified by providing that defendants’ motion is granted to the extent of staying the action pending arbitration; as so modified, affirmed without costs.
Plaintiff commenced this action to recover wages and damages for, inter alia, “embezzlement,” “involuntary servitude” and “discrimination.” Plaintiff’s present claims, although slightly different from those interposed in his prior action against his former employer, and defendants’ current employer, Bally’s Total Fitness Corp. (Thomas v Bally’s Total Fitness Corp., 12 Misc 3d 131[A], 2006 NY Slip Op 51053[U] [App Term, 2d & 11th Jud Dists 2006]) are all related to alleged acts of Bally’s employees in the course and scope of their employment and, therefore, fall within the ambit of Bally’s Employee Dispute Resolution Procedures (EDRP). The EDRP provides for arbitration when any dispute arises between an employee against the employer Bally’s. The EDRP further provides, inter alia, that the term “Employer” therein “is understood to include each of the Employer’s subsidiary and/or affiliated entities . . . and all of their respective owners, stockholders, directors, officers, employees and pension or benefit plans and their fiduciaries” (emphasis added). Plaintiff did not attempt below, and does not attempt on appeal, to show how his present claims fall outside the scope of the EDRP It should be noted that the only issue presented to this court upon plaintiffs appeal in his prior action against Bally’s was whether the EDRP was procedurally or substantively unconscionable; we found that it was neither (id.; see also Gillman v Chase Manhattan Bank, 73 NY2d 1 [1988]).
The order of the court below must be modified, for although arbitration and award is a ground for dismissal (CPLR 3211 [a] [5]), there was no arbitration and award in this case, and the mere existence of an arbitration agreement effective between the parties does not deprive the court of subject matter jurisdiction. The only permissible remedy in this case is to stay the action pending such arbitration, pursuant to CPLR 7503 (see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738 [1978]). We note that in the case of *95 Thomas v Bally’s Total Fitness Corp. (12 Misc 3d 131 [A], 2006 NY Slip Op 51053[U] [2006], supra), we agreed with the sole finding of the Civil Court that the arbitration clause contained in Bally’s EDRP was enforceable and affirmed the court’s dismissal of the action concluding, erroneously, that the existence of an arbitration clause warrants dismissal of the action. In the instant appeal we reaffirm our prior decision to the extent that we find that the arbitration clause is enforceable. While the court below in dismissing the action followed the prior holding of the Civil Court, which order was subsequently affirmed by this court in Thomas v Bally’s Total Fitness Corp., we no longer adhere to the ultimate disposition of the prior appeal and, unlike the dissent, will not perpetuate such error by dismissing the instant action. We further note in this regard that this court’s dismissal of the complaint in the case of Thomas v Bally’s Total Fitness Corp. was not on the merits and did not preclude plaintiff from seeking arbitration of his claim. While the dissent seemingly acknowledges this fact, in arguing to affirm the lower court’s dismissal of the instant action, it nevertheless apparently gives the prior dismissal some collateral estoppel effect to the underlying merits of plaintiffs claim. In view of the foregoing, the order is modified by granting defendant’s motion to the extent of staying the action pending arbitration.