■ In the Matter of BIRCHWOOD VILLAGE LP, Appellant, v ASSESSOR OF THE CITY OF KINGSTON et al., Respondents. [943 NYS2d 258]—

McCarthy, J. Appeal from an order of the Supreme Court (Work, J.), entered May 28, 2010 in Ulster County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to dismiss the petition.

Petitioner is the lessee of property located in the City of Kingston, Ulster County, which is owned by the Ulster County

Industrial Development Agency (hereinafter UCIDA), a public benefit corporation (*see* General Municipal Law § 923). Petitioner and UCIDA entered into a payment in lieu of taxes (hereinafter PILOT) agreement that provided, among other things, that the property's value for purposes of determining payments due thereunder would be determined by the local assessors. The PILOT agreement provided that if petitioner were dissatisfied with an assessment and gave written notice to respondent Assessor of the City of Kingston and UCIDA, petitioner could protest the assessment. If the Assessor, UCIDA and petitioner could not reach an agreement as to the proper assessed value of the property, each would select one arbitrator—a qualified real estate appraiser—in accordance with the rules of the American Arbitration Association and the arbitrators would then determine whether the property was properly assessed.

In 2009, petitioner protested the property's tentative assessment and applied for a reduction from respondent Board of Assessment Review for the City of Kingston. The Board denied the reduction. Petitioner commenced this proceeding pursuant to RPTL article 7 alleging that the assessment was unequal, excessive and unlawful. Respondents moved to dismiss pursuant to CPLR 3211 (a) (2) and (7), arguing that Supreme Court lacked subject matter jurisdiction and that the petition failed to state a cause of action. The court granted the motion, finding that the dispute is subject to arbitration as provided for in the PILOT agreement. Petitioner appeals.

Initially, respondents did not waive their right to arbitration. Respondents filed a notice of appearance and moved to dismiss the action five months later, before any disclosure had taken place. These actions were "consistent with an assertion of the right to arbitrate," and did not constitute an unreasonable delay or "an affirmative acceptance of the judicial forum" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]; *see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d 735, 737-738 [1978]). Respondents' procedural moves in court did not waive their right to arbitration.

Nevertheless, respondents were not entitled to dismissal of the petition. Supreme Court has subject matter jurisdiction over RPTL article 7 proceedings (*see* RPTL 702 [1]), and the petition stated a cause of action under that article (*see* RPTL 706). Thus, neither basis for dismissal raised by respondents entitles them to that relief. Although an agreement to arbitrate is not a defense to an action or proceeding (*see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO*

*v Office of Labor Relations of City of N.Y.*, 45 NY2d at 738; *De Sapio v Kohlmeyer*, 35 NY2d at 404 n 1), it was improper for petitioner to commence this proceeding rather than seek arbitration (*see Matter of Metropolitan Life Ins. Co. v Harlow*, 14 AD3d 848, 849 [2005]). Because respondents' motion sought, in addition to dismissal, such other relief as the court deemed just and proper, the court could consider an appropriate remedy, namely whether to compel arbitration (*see* CPLR 7503 [a]; *see also Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d at 738). As Supreme Court has already determined that arbitration was the proper forum for this dispute under the PILOT agreement, and we have determined that dismissal is improper, "the appropriate remedy is a stay of the judicial proceeding" (*Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d at 738; *see* CPLR 7503 [a]; *Town of Matter of Wallkill Indus. Dev. Agency v Assessor of Town of Wallkill*, 270 AD2d 494 [2000], *lv denied* 95 NY2d 764 [2000]).*

Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and a stay of the proceeding is granted pursuant to CPLR 7503 (a).

---

* To the extent that our decision in *Matter of Metropolitan Life Ins. Co. v Harlow* (14 AD3d at 848-849) suggests that the proper remedy is dismissal of the petition rather than a stay of the proceeding, that aspect of the decision should not be followed because it conflicts with the Court of Appeals' holding in *Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.* (45 NY2d at 738).