# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**41**

**CA 13-01105**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

KALEIDA HEALTH, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

UNIVERA HEALTHCARE, DEFENDANT-RESPONDENT,
AND UTICA MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR DEFENDANT-APPELLANT.

HODGSON RUSS LLP, BUFFALO (MICHELLE L. MEROLA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

HINMAN STRAUB P.C., ALBANY (JAMES T. POTTER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered August 22, 2012. The judgment, among other things, denied the motion of defendant Utica Mutual Insurance Company for summary judgment dismissing the complaint and cross claim against it.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant Utica Mutual Insurance Company (Utica) appeals from a judgment denying its motion for summary judgment seeking dismissal of the complaint and the cross claim against it, granting the motions for summary judgment of plaintiff and defendant Univera Healthcare (Univera), and declaring that Utica is obligated to pay an outstanding hospital bill to plaintiff pursuant to Public Health Law § 2807-c (1) (b-2) for care that plaintiff provided to a certain patient who is now deceased. We reject Utica's contention that plaintiff and Univera are barred by collateral estoppel from asserting that Utica was obligated to pay the outstanding hospital bill as the result of a determination of the Workers' Compensation Board. While collateral estoppel is applicable to determinations of quasi-judicial administrative agencies, such as the Workers' Compensation Board (*see Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246, 255), plaintiff and Univera were not parties to and did not participate in the subject administrative proceeding. Although plaintiff and Univera received notice of the administrative proceeding, as a health care provider and private health insurer,

respectively, they could not by virtue of such notice be compelled to participate in the proceeding (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 21; *see also* Workers' Compensation Law § 25 [3] [a]).  Utica's further contention that this action is barred because plaintiff was required to arbitrate this dispute is without merit because "[a]n agreement to arbitrate is not a defense to an action" (*Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d 735, 738), and arbitration is not compulsory here inasmuch as the value of the medical services provided are not in dispute (*see* § 13-g [1] - [3]; 12 NYCRR 325-1.24 [d]).  Finally, contrary to Utica's contention, we conclude that Supreme Court properly determined that Utica was responsible for the outstanding hospital bill pursuant to Public Health Law § 2807-c (1) (b-2) inasmuch as the subject patient's admission to one of plaintiff's hospitals was not a separate or new hospital admission, but was a continuation of that patient's earlier admission to another hospital, which was for treatment of a long-standing work-related injury.

Entered:  February 14, 2014                        Frances E. Cafarell
                                                   Clerk of the Court