■ NANCY HUI, Appellant, v NEW CLIENTS, INC., et al., Respondents. [5 NYS3d 279]—

In an action, inter alia, to recover damages for breach of contact, fraud, and tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated October 29, 2013, which granted the motion of the defendant New Clients, Inc., pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, and denied her cross motion pursuant to CPLR 6301 for a preliminary injunction, in effect, enforcing a noncompete agreement.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant New Clients, Inc., pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

In its motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, the defendant New Clients, Inc., contended that an arbitration clause contained in its contract with the plaintiff was valid and applicable, and, therefore, required dismissal of the complaint insofar as asserted against it. However, "[i]n the absence of arbitration and an award, CPLR 3211 furnishes no basis for a dismissal

because of the presence in the contract of an arbitration provision" (*Prince of Peace Lutheran Church v Hibner*, 44 AD2d 830, 830 [1974]; *see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d 735, 738 [1978]; *Blatt v Sochet*, 199 AD2d 451, 453 [1993]; *Ogoe v New York Hosp.*, 99 AD2d 968, 969 [1984]; *Langemyr v Campbell*, 23 AD2d 371 [1965]). Accordingly, the Supreme Court erred in granting the motion of the defendant New Clients, Inc., pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it based solely upon its determination that the arbitration clause was valid and applicable.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction, in effect, enforcing a noncompete agreement, since the plaintiff's submissions, including the plaintiff's bare and conclusory affidavit, failed to "demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the [plaintiff's] favor" (*Yedlin v Lieberman*, 102 AD3d 769, 769-770 [2013]; *see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]; *Matos v City of New York*, 21 AD3d 936, 937 [2005]). Rivera, J.P., Austin, Roman and Barros, JJ., concur.