Mulvey, J.
 

 Appeals (1) from an order of the Supreme Court (LaBuda, J.), entered April 15, 2016 in Sullivan County, which, among other things, granted defendants’ cross motions to dismiss the complaint, and (2) from an order of said court, entered May 10, 2016 in Sullivan County, which canceled the notice of pendency.
 

 In April 2006, plaintiff entered into a nominee agreement with defendant Abraham Eisner (and another party) to develop 178.5 acres of plaintiff’s real property located in Sullivan County. Pursuant to that agreement, plaintiff conveyed the subject property to New Pines Villas LLC, of which Eisner was the sole owner. Plaintiff apparently remained the beneficial owner of the property, as Eisner agreed to hold title to and develop the property “as trustee and for the benefit of [plaintiff]” and, in return, Eisner was entitled to certain specified profits from its development. Disputes arose and a prior action by plaintiff (and others) against Eisner and New Pines for, among other things, breach of contract (related to the agreement) was discontinued with prejudice when, in 2013, Eisner and plaintiff entered into a settlement agreement. The settlement agreement provided that plaintiff is the beneficial owner of the property and that the parties thereto would litigate all issues that arise under the nominee agreement before an independent arbitrator. The settlement agreement contemplated that plaintiff and Eisner would cooperatively market and sell the subject property and, in the event that they did not agree on the sale terms, they would engage in arbitration of “any and all disputes” with regard to the property. During ensuing arbitration meetings, the parties were unable to reach an agreement regarding the property and Eisner ultimately disclosed that he had sold a 41-acre parcel of the property without plaintiff’s consent.
 

 Plaintiff thereafter commenced this declaratory judgment action alleging that, in October 2015, Eisner caused New Pines to convey 41 acres of the property to defendant Tribeca Fallsburg LLC (sued as John and Jane Does 1-10), without plaintiff’s permission or authorization. Plaintiff alleged that Eisner entered into agreements with Gamble Construction Group, Inc. (sued as Tribeca Development Group LLC), Eli Brezel and Yitzchok Brezel (members of Tribeca Development) and others to develop the 41-acre parcel, that Gamble was retained to perform construction work on that parcel and that the Brezels arranged for Gamble to finance the development project
 
 [1]
 
 through defendants Tribeca Sullivan LLC and Tribeca Upstate LLC. Plaintiff alleged that Eisner breached various contractual and fiduciary obligations to him. In addition to Eisner, plaintiffs complaint named as defendants Gamble, the Brezels, Tribeca Sullivan, Tribeca Upstate and Tribeca Fallsburg (hereinafter collectively referred to as the remaining defendants). Plaintiff sought a declaration that he has a 100% beneficial ownership interest in the subject property (including the 41-acre parcel) and in New Pines, and that his consent was required before any portion of it could be conveyed or developed and for any transactions that affected his ownership interest, and requested an order declaring New Pines’ sale of the 41-acre parcel null and void. Plaintiff also sought monetary damages for trespass, private nuisance, breach of contract and breach of fiduciary duties, moved for injunctive relief, and filed a notice of pendency with regard to the subject property.
 

 Eisner cross-moved to dismiss the complaint based upon the terms of the agreements (see CPLR 3211 [a] [1]) and to compel arbitration (see CPLR 7503). In separate motions, the remaining defendants made or joined in cross motions to dismiss the complaint, which plaintiff opposed. Supreme Court granted Eisner’s cross motion to compel arbitration and the cross motions of the remaining defendants to dismiss the complaint. The court held that all issues regarding the subject property must be arbitrated pursuant to the settlement agreement and that Tribeca Fallsburg, in any event, was a good faith purchaser of the 41-acre parcel. Supreme Court, which had declined to grant temporary injunctive relief, also declined to stay the action pending arbitration and, in a separate order, discharged the notice of pendency. Plaintiff now appeals from both orders.
 

 Supreme Court improperly dismissed the action against Eisner, rather than staying the action. Initially, there is no dispute on this record that plaintiff and Eisner, in the settlement agreement, consented to arbitrate any and all disputes regarding, among other things, the subject property. However, under established law, “[a]n agreement to arbitrate is not a defense to an action” and, thus, “may not be the basis for a motion to dismiss” (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738 [1978]; see Hui v New Clients, Inc., 126 AD3d 759, 759-760 [2015]; Matter of Birch wood Vil. LP v Assessor of the City of Kingston, 94 AD3d 1374, 1375-1376 [2012]). Eisner’s cross motion to dismiss based upon CPLR 3211 (a) (1), premised upon the agreement to arbitrate, does not entitle him to dismissal of this action (see Hui v New Clients, Inc., 126 AD3d at 759-760; Matter of Birchwood Vil. LP v Assessor of the City of Kingston, 94 AD3d at 1375-1376). Rather, where, as here, there is a valid arbitration clause in an agreement and the party sued (here, Eisner) moves to compel arbitration, the court should stay the judicial action rather than dismiss it (see CPLR 7503 [a]; Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d at 738; Matter of Birchwood Vil. LP v Assessor of the City of Kingston, 94 AD3d at 1376). By statute, the order granting Eisner’s motion to compel arbitration “operate [s] to stay [the] pending or subsequent action” (CPLR 7503 [a]). Accordingly, the complaint is reinstated against Eisner and this action is stayed pursuant to CPLR 7503 (a). Further, as the complaint is reinstated against Eisner, there is an ongoing action in which “the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property,” and plaintiff’s notice of pendency must be reinstated (CPLR 6501; see Matter of Sakow, 97 NY2d 436, 440-441 [2002]; Siegel, NY Prac § 334 at 552 [5th ed 2011]).
 
 [2]
 

 We further find that Supreme Court improperly dismissed the complaint against the remaining defendants.
 
 [3]
 
 Importantly, on the remaining defendants’ pre-answer cross motions to dismiss the complaint pursuant to CPLR 3211, the court was bound to “accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Graven v Children’s Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]). The court was also authorized to “consider affidavits submitted by plaintiff[ ] to remedy any defects in the complaint” (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]; see Leon v Martinez, 84 NY2d at 88; Maki v Travelers Cos., Inc., 145 AD3d 1228, 1230 [2016], appeal dismissed 29 NY3d 943 [2017]). While the remaining defendants raised the claim that Tribeca Fallsburg is a bona fide purchaser as a defense to plaintiff’s causes of action, that argument is misplaced on these cross motions to dismiss. As relevant here, “[a] bona fide purchaser [is] one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party’s adverse interests in the property and is the first to record the deed or conveyance [and, as such,] takes title free and clear of such adverse interests” (Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338 [2007]; accord 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1134 [2014]; see Webster v Ragona, 7 AD3d 850, 854 [2004]).
 

 On this record, we find that the remaining defendants did not submit documentary evidence establishing this status as a matter of law or demonstrate that plaintiff failed to state causes of action against them, the sole grounds for their motions to dismiss. Indeed, the record reflects disputed factual questions on this issue that should not be resolved on these cross motions. While plaintiff does not dispute that the transfer of the parcel to Tribeca Fallsburg was recorded, he alleges that it was transferred without his required consent and in violation of his agreements with Eisner, and that the remaining defendants knew that plaintiff had a claim of right to the property. To that end, in opposition to the remaining defendants’ cross motions, plaintiff submitted an affidavit explaining that the Brezels, who he had known for “many years,” were aware, prior to the unauthorized transfer of the 41-acre parcel to Tribeca Fallsburg and its subsequent financing and development, of his ownership interests in the subject property. Indeed, plaintiff averred that the Brezels were present during earlier meetings with the arbitrator that involved discussions about his beneficial interest in the property. Eisner’s testimony confirmed the Brezels’ actual knowledge of Piller’s interests in the property. The relationships among the remaining defendants and whether they had actual knowledge of plaintiff’s adverse interests in the property, and whether Tribeca Fallsburg was a good faith purchaser, should not have been resolved on this record. Indeed, as plaintiffs legal rights to the property were to be resolved in the arbitration and related challenge, Supreme Court should not, in the context of these cross motions to dismiss, have ruled, as a matter of law, that Tribeca Fallsburg was a bona fide purchaser (compare 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d at 1133-1135).
 
 [4]
 

 The remaining defendants’ reliance upon the terms of the agreement and the discontinuance of the prior action is also misplaced, as they were not parties to any of the agreements or named in the prior action. While plaintiff had discontinued his prior action against Eisner and New Pines and entered into the settlement agreement consenting to settle all disputes concerning the subject property before an arbitrator, the remaining defendants did not do so. Moreover, the remaining defendants have not demonstrated that any of the causes of action asserted against them in the complaint, for trespass, private nuisance or declaratory relief, should be dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]). With respect to the remaining defendants’ cross motions to dismiss the request in plaintiff’s complaint for declaratory relief against them, “the only issue presented for consideration is whether a cause of action for declaratory relief is set forth, not . . . whether the plaintiff is entitled to a favorable declaration” (Matter of Dashnaw v Town of Peru, 111 AD3d at 1225 [internal quotation marks and citation omitted]). Thus, Supreme Court erred by granting the remaining defendants’ cross motions to dismiss the complaint.
 
 [5]
 

 Garry, J.P., Clark, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order entered April 15, 2016 is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motions; motions denied and action stayed against defendant Abraham Eisner pursuant to CPLR 7503 (a); and, as so modified, affirmed. Ordered that the order entered May 10, 2016 is reversed, on the law, without costs, and notice of pendency reinstated.
 

 [1]
 

 , The ensuing development project, which was started in 2015, included construction of 74 residences together with a basketball court, paddleball court, swimming pools, synagogue, playgrounds, roadways and a home for the caretaker and was targeted for completion in June 2016.
 

 [2]
 

 . There has been no stay in this action. The parties advised this Court at oral argument that, after Supreme Court granted Eisner’s motion to compel arbitration and dismissed this action against Eisner, plaintiff and Eisner proceeded to arbitration. Reportedly, plaintiff thereafter unsuccessfully moved to vacate the arbitration award in a new proceeding in Kings County (this action had been dismissed), which is currently on appeal in the Second Department. Eisner reportedly also commenced an action to enforce the arbitration award in Sullivan County, which was stayed pending the Kings County proceeding, and later dismissed as moot. These matters (including the arbitration award) are not part of the record on appeal and are not properly before this Court. We do not find, as Eisner argued, that the arbitration award and pending appeal of the Kings County proceeding render moot this action against Eisner which, we have found infra, should have been stayed and not dismissed. When there is a final order in the Kings County matter, the parties here, including Eisner, may, of course, seek relevant relief dismissing the complaint or the notice of pendency in this action in Supreme Court.
 

 [3]
 

 . We recognize that plaintiff’s claims against the remaining defendants will largely turn on the outcome of the arbitration proceeding and challenge thereto, in that most of the claims are dependent on plaintiff establishing an interest in the property in dispute.
 

 [4]
 

 . Supreme Court did not advise the parties that it was treating the remaining defendants’ pre-answer cross motions as motions for summary-judgment, which would have been premature and was not requested by the parties (cf. Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1223-1224 [2013]).
 

 [5]
 

 . The Brezels’ and Gamble’s arguments regarding the alleged involvement by plaintiff’s father in the transactions with Eisner were raised for the first time on appeal and are, therefore, unpreserved (see Albany Eng’g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]).