Stuver v Greenlight Parent, L.P. (2025 NY Slip Op 51712(U))

[*1]

Stuver v Greenlight Parent, L.P.

2025 NY Slip Op 51712(U)

Decided on October 28, 2025

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2025
Supreme Court, Monroe County

James Stuver, Plaintiff,

against
Greenlight Parent, L.P., Defendants.

Index No. E2025012470

James Stuver, Pro se
Joshua M. Agins, Esq., and Peter A. Sahasrabudhe, Esq, HODGSON RUSS LLP, Attorneys for the Defendant 

Daniel J. Doyle, J.

James Stuver (hereinafter "plaintiff") initiated this action by the filing of a summons and complaint in June of 2025 alleging that Greenlight Parent L.P. (hereinafter "defendant") breached a management equity plan entered into between the parties.[FN1]

Defendant now moves, pre-answer, to dismiss the complaint pursuant to CPLR Rule 3211(a)(1) and (a)(2). For the reasons set forth below, the motion to dismiss the complaint is DENIED.
Summary of Allegations in Amended Complaint [FN2]
 and Plaintiff's Submissions [FN3]

Plaintiff alleged that he was previously employed by the defendant as vice-president of IT & software development until he resigned in January of 2024. In June of 2022 plaintiff received 950,000 profit interests pursuant to an agreement between the parties and an additional 24,965 equity interests pursuant to another agreement between the parties in September of 2023. These interests were fully vested.
On April 11, 2025, the defendant sent plaintiff a letter informing him that his equity interests had been forfeited as the plaintiff did not provide 90 days written notice of his resignation, "as purportedly required under the governing agreements".
Plaintiff alleges that he was unable to provide the requisite "'90 days'" notice due to intolerable working conditions resulting from Defendant's discriminatory treatment of a transgender employee under Plaintiff's supervision." The employee was a high-performing team member who was promised "fair compensation" once she obtained her college degree. However, upon receiving the degree the employee was offered compensation "significantly below market value". This created a hostile work environment and "rendered Plaintiff's continued employment untenable". Plaintiff alleges that this constituted "good reason" for his resignation.
Plaintiff alleged that "that constituted constructive termination and/or resignation for "good reason" under the governing agreements" and thereafter he made "repeated good faith efforts to resolve the matter informally, including contacting Defendant's counsel via email (twice) and phone (once), but Defendant failed to respond".
Defendant's Submissions
The defendant submits the affirmation of Kevin Espinosa, its general counsel. He provides the foundation for admission of the Greenlight Parent L.P. Management Equity Plan ("the Plan"); the Greenlight Parent Limited Partnership Agreement ("the LP Agreement") which is incorporated into the plan; and the LP Management Equity Plan Class B Interest Award Letter signed by Plaintiff and effective as of June 27, 2022 reflecting both the shares he was originally awarded in June 2022 as well as a catch-up award in August 2023 ("the Award Letter"). Paragraph 15 of the Award Letter fully incorporates the Plan and LP Agreement.
The award letter states that "[t]his Agreement and all claims and controversies hereunder shall be governed by and construed in accordance with the internal laws of the State of Delaware, without regard to the choice of law provisions thereof". It also states the following:
All disputes between or among any persons arising out of or in any way connected with the Plan, this Agreement or the Awarded Interests (including any interpretation of the LP Agreement as it pertains to the Awarded Interests) shall be solely and finally settled by the Board, and any such determination by the Board shall be final. Any matters not covered by the preceding sentence, but that arise under the LP Agreement shall be solely and finally settled in accordance with the LP Agreement, finally, exclusively, and conclusively resolved by mandatory arbitration conducted by a single independent [*2]arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). If the applicable parties are unable to agree on the selection of an arbitrator, then the arbitrator shall be appointed by AAA according to its rules on arbitrator selection, which appointment shall be made within 10 days of AAA's receipt of notice from a party that the parties are unable to agree on an arbitrator. A hearing shall be held by the arbitrator within 30 days of his or her appointment. The location of the arbitration shall be in New York City. The decision of the arbitrator shall be final and binding upon all parties hereto and shall be rendered pursuant to a written decision which contains a detailed recital of the arbitrator's reasoning. Judgment upon the arbitrator's award may be entered in any court having jurisdiction thereof pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 1, et seq.
The LP Agreement also contains a mandatory arbitration agreement.
The Motion to Dismiss Pursuant to CPLR Rule 3211(a)(1) and (a)(2) is Denied
The defendant moves pursuant to CPLR Rule 3211 arguing that the documentary evidence establishes that this Court lacks subject matter jurisdiction as the plaintiff did not avail himself of the dispute resolution provisions of the relevant agreements prior to initiating suit.
"A court may grant a motion seeking dismissal pursuant to CPLR 3211(a)(1) "only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Meyer v. Zucker, 160 AD3d 1243, 1245, 75 N.Y.S.3d 325 [2018] [internal quotations marks, brackets and citations omitted], lv denied 32 NY3d 905, 2018 WL 4440633 [2018]; accord Lilley v. Greene Cent. Sch. Dist., 168 AD3d 1180, 1181, 90 N.Y.S.3d 661 [2019]; see Zeppieri v. Vinson, 190 AD3d 1173, 1175, 140 N.Y.S.3d 311 [2021]). To constitute such conclusive documentary evidence, "the evidence must be unambiguous" (Koziatek v. SJB Dev. Inc., 172 AD3d 1486, 1486, 99 N.Y.S.3d 480 [2019] [internal quotation marks and citations omitted]; accord New York Mun. Power Agency v. Town of Massena, 188 AD3d 1517, 1518, 137 N.Y.S.3d 520 [2020])." (Shephard v. Friedlander, 195 AD3d 1191, 1193 [3rd Dept. 2021].)
The parties submit the parties' agreements as documentary evidence. "Examples of documentary evidence are judicial records, contracts, deeds, wills, and mortgages, but not affidavits or deposition testimony (see Amsterdam Hospitality Group, LLC v. Marshall-Alan Assoc., Inc., 120 AD3d 431, 432, 992 N.Y.S.2d 2 [1st Dept. 2014]; see Porat, 177 AD3d at 633, 111 N.Y.S.3d 625)." (Rider v. Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1563 [4th Dept. 2021].)
The Court agrees that the contractual provisions contained in the Plan, Award Letter, and the LP Agreement would require plaintiff's claims to be subject to the dispute resolution procedures outlined therein.[FN4]
The parties agreed that Delaware law would apply to the [*3]agreements. Delaware law favors enforcement of arbitration provisions.[FN5]
"We begin our analysis with the premise that the public policy of Delaware favors arbitration. Graham v. State Farm Ins. Co., Del.Supr., 565 A.2d 908, 911 (1989)." (SBC Interactive, Inc. v. Corp. Media Partners, 714 A2d 758, 761 [Del. Sup. Ct. 1998].)
Here, the Court concludes that the claims in the complaint raise issues that would fall under the dispute resolution procedures set forth in the parties' agreements. "When the arbitrability of a claim is disputed, the court is faced with two issues. First, the court must determine whether the arbitration clause is broad or narrow in scope. Second, the court must apply the relevant scope of the provision to the asserted legal claim to determine whether the claim falls within the scope of the contractual provisions that require arbitration. If the court is evaluating a narrow arbitration clause, it will ask if the cause of action pursued in court directly relates to a right in the contract. If the arbitration clause is broad in scope, the court will defer to arbitration on any issues that touch on contract rights or contract performance." (Parfi Holding AB v. Mirror Image Internet, Inc., 817 A2d 149, 155 [Del. Sup. Ct. 2002].)[FN6]

"The question of whether the parties agreed to arbitrate is generally one for the courts to decide and not for the arbitrators." (DMS Props.-First, Inc. v. P.W. Scott Assocs., Inc., 748 A2d 389, 392 [Del. Sup. Ct. 2000].) Here, the dispute resolution procedures are broadly worded. All of the plaintiff's claims "touch on contract rights or contract performance" as they are directly related to whether the defendant breached the Plan agreement or whether the plaintiff had "good reason" to provide less than 90-day notice of his resignation (see Section 3 of the Award Letter).[FN7]
 Thus, the dispute resolution procedures contained in the relevant agreements are binding on the plaintiff and would encompass the claims contained in the complaint.
Whether the failure of a plaintiff to follow contractual dispute resolution procedures contained in the parties' agreement prior to initiating suit divests supreme court of subject matter jurisdiction in a plenary action to enforce the agreement has resulted in disparate decisions by the Appellate Divisions. (See gen. Kanner v. Westchester Med. Grp., P.L.L.C., 80 Misc 3d 1201(A [Bronx Cty. Sup. Ct. 2023], aff'd, 233 AD3d 410 [1st Dept. 2024].)[FN8]

The Appellate Division, First Department has dismissed complaints for failure of the plaintiff to employ contractual dispute resolution procedures. For example, as cited by the defendant, the First Department did so in Acme Supply Co. v. City of New York, 39 AD3d 331 [1st Dept. 2007].)[FN9]

However, the other Appellate Divisions have determined that, under New York procedural law, the existence of an arbitration clause in the relevant agreements does not divest this Court of subject matter jurisdiction requiring dismissal of the plaintiff's complaint pursuant to CPLR Rule 3211.
The Appellate Division, Second Department has held that the existence of the mandatory arbitration clause is not a defense to the plaintiff's action, as the defendant has not established the existence of a mandatory arbitration clause and a final award. ""[T]he only basis for a 3211 dismissal relating to arbitration is where there has already been arbitration and an award has been made in it" (Langemyr v. Campbell, 23 AD2d 371, 374, 261 N.Y.S.2d 500 [emphasis and internal quotation marks omitted]; see Hui v. New Clients, Inc., 126 AD3d 759, 759—760, 5 N.Y.S.3d 279). "[T]he existence of an agreement to arbitrate is not a defense to a plenary action and thus it may not be the basis for a motion to dismiss" (Chalom v. Areivim USA, 208 AD3d 552, 553, 173 N.Y.S.3d 571 [internal quotation marks omitted]; see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL—CIO v. Office of Labor Relations of City of NY, 45 NY2d 735, 738, 408 N.Y.S.2d 476, 380 N.E.2d 303)." (Matter of Sassouni, 224 AD3d 693, 695 [2nd Dept. 2024]. See also C & M 345 N. Main St., LLC v. Nikko Const. Corp., 96 AD3d 794, 795, 946 N.Y.S.2d 241, 242 [2nd Dept. 2012]: "However, an agreement to submit a dispute to mediation and arbitration is not a defense to an action, and, thus, may not be the basis for a motion to dismiss a complaint based on documentary evidence [citations omitted]." See also Mozzachio v. Schanzer, 188 AD3d 873 [2nd Dept. 2020].)[FN10]

The Appellate Division, Third Department has similarly held. "However, under established law, "[a]n agreement to arbitrate is not a defense to an action" and, thus, "may not be the basis for a motion to dismiss" (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL—CIO v. Office of Labor Relations of City of NY, 45 NY2d 735, 738, 408 N.Y.S.2d 476, 380 N.E.2d 303 [1978]; see Hui v. New Clients, Inc., 126 AD3d 759, 759—760, 5 [*4]N.Y.S.3d 279 [2015]; Matter of Birchwood Vil. LP v. Assessor of the City of Kingston, 94 AD3d 1374, 1375—1376, 943 N.Y.S.2d 258 [2012]). Eisner's cross motion to dismiss based upon CPLR 3211(a)(1), premised upon the agreement to arbitrate, does not entitle him to dismissal of this action (see Hui v. New Clients, Inc., 126 AD3d at 759—760, 5 N.Y.S.3d 279; Matter of Birchwood Vil. LP v. Assessor of the City of Kingston, 94 AD3d at 1375—1376, 943 N.Y.S.2d 258)." (Piller v. Tribeca Dev. Grp. LLC, 156 AD3d 1257, 1259—60 [3rd Dept. 2017]. See also Birchwood Vill. LP v. Assessor of City of Kingston, 94 AD3d 1374 [3rd Dept. 2012].)
The Appellate Division, Fourth Department has also held that an agreement to arbitrate is not a defense to an action. (Kaleida Health v. Univera Healthcare, 114 AD3d 1238, 1239 [4th Dept. 2014]: "Utica's further contention that this action is barred because plaintiff was required to arbitrate this dispute is without merit because "[a]n agreement to arbitrate is not a defense to an action" (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL—CIO v. Office of Labor Relations of City of NY, 45 NY2d 735, 738, 408 N.Y.S.2d 476, 380 N.E.2d 303), . . .".)
Thus, the motion to dismiss is DENIED.
Although some courts have held that the appropriate remedy is a stay of the underlying action (see e.g., Birchwood Vill. LP v. Assessor of City of Kingston, 94 AD3d at 1376) the Court declines to do so here. Neither side has moved to compel arbitration, and the defendant may choose to waive its right to arbitrate and proceed with the underlying litigation.
Based upon the foregoing, and the papers submitted herein,[FN11]
it is hereby
ORDERED that the defendants' motion to dismiss is DENIED.
Dated: October 28, 2025
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:The Verified Complaint contains three causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and (3) constructive discharge. (NYSCEF Docket # 1.)

Footnote 2:"When considering these pre-answer motions to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable inference (see Goshen v. Mutual Life Ins. Co. of NY, 98 NY2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002])." (Chanko v. Am. Broad. Companies Inc., 27 NY3d 46, 52, [2016].)

Footnote 3:"In reviewing a motion under CPLR 3211 (a)(7), "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint ... and the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon, 84 NY2d at 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [internal quotation marks omitted])." (Potempa v. Potempa, 229 AD3d 1191, 1192—93 [4th Dept. 2024].) Furthermore, ""[w]hether a plaintiff can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v. Goldman, Sachs & Co., 5 NY3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 [2005]; see Cortlandt St. Recovery Corp. v. Bonderman, 31 NY3d 30, 38, 73 N.Y.S.3d 95, 96 N.E.3d 191 [2018])." (Burns v. C.R.B. Holdings, Inc., 229 AD3d 1084, 1085 [4th Dept. 2024].)

Footnote 4:The Court rejects the plaintiff's argument that the dispute resolution procedures are "vague and unenforceable". The Court also rejects the plaintiff's argument that the defendant waived its right to arbitration by not responding to his vague settlement requests. Nor did the defendant waive its right to arbitration by moving to dismiss the complaint. (H & S Ventures, Inc. v. RM Techtronics, LLC, No. CV N15C-11-082 JRJ, 2017 WL 237623, at *2 [Del. Super. Ct. Jan. 18, 2017]. See also Allied Bldg. Inspectors Int'l Union of Operating Eng'rs, Loc. Union No. 211, AFL-CIO v. Off. of Lab. Rels. of City of New York, 45 NY2d 735, 737 [1978]: "In the absence of unreasonable delay", as this court has held, "so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver" (De Sapio v Kohlmeyer, 35 NY2d 402, 405).")

Footnote 5:As does New York State. "It is firmly established that the public policy of New York State favors and encourages arbitration and alternative dispute resolutions Matter of Nationwide Gen. Ins. Co. v. Investors Ins. Co., 37 NY2d 91, 95, 371 N.Y.S.2d 463, 332 N.E.2d 333; see also, Matter of Weinrott [Carp], 32 NY2d 190, 344 N.Y.S.2d 848, 298 N.E.2d 42). These mechanisms are "well recognized as an effective and expeditious means of resolving disputes between willing parties desirous of avoiding the expense and delay frequently attendant to the judicial process" (Maross Constr. v. Central NY Regional Transp. Auth., 66 NY2d 341, 345, 497 N.Y.S.2d 321, 488 N.E.2d 67, supra). Thus, "[i]t has long been the policy of the law to interfere as little as possible with the freedom of consenting parties to achieve that objective" (Matter of Siegel, 40 NY2d 687, 689, 389 N.Y.S.2d 800, 358 N.E.2d 484, supra; but see, Crimmins Contr. Co. v. City of New York, 74 NY2d 166, 544 N.Y.S.2d 580, 542 N.E.2d 1097; Naclerio Contr. Co. v. City of New York, 116 AD2d 463, 496 N.Y.S.2d 444, affd. for reason stated below 69 NY2d 794, 513 N.Y.S.2d 115, 505 N.E.2d 625 [noting that the cases were not decided on the precise issue here])." (Westinghouse Elec. Corp. v. New York City Transit Auth., 82 NY2d 47, 53—54 [1993].)

Footnote 6:Although the parties contracted to apply Delaware law to the agreements, New York procedural rules would apply to the instant motion. (See Tanges v. Heidelberg N. Am., Inc., 93 NY2d 48, 53 [1999]: ""under common-law rules matters of procedure are governed by the law of the forum" (Martin v. Dierck Equip. Co., 43 NY2d 583, 588, 403 N.Y.S.2d 185, 374 N.E.2d 97; see, Kilberg v. Northeast Airlines, 9 NY2d 34, 41, 211 N.Y.S.2d 133, 172 N.E.2d 526). On the other hand, matters of substantive law fall within the course charted by choice of law analysis (see, Oltarsh v. Aetna Ins. Co., supra, 15 NY2d, at 115, 256 N.Y.S.2d 577, 204 N.E.2d 622; Weintraub, Conflict of Laws § 3.2C, at 53 [3d ed]; 1943 Report of NY Law Rev Commn, at 143)." See also 2138747 Ontario, Inc. v. Samsung C & T Corp., 31 NY3d 372 [2018].)

Footnote 7:See also Sisters of St. John the Baptist, Providence Rest Convent v. Phillips R. Geraghty Constructor, Inc., 67 NY2d 997, 999 (1986): "It is of course for the court in the first instance to determine whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement. The court's inquiry ends, however, where the requisite relationship is established between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate. In disputes subject to arbitration, interpretation of particular contract terms must be left for the arbitrators (see, Matter of County of Rockland [Primiano Constr. Co.],51 NY2d 1, 5; Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,37 NY2d 91, 95-96)."

Footnote 8:Defendant cites Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp., (87 NY2d 927 [1996]) in support of their argument that the failure to employ dispute resolution procedures in an agreement divests the court of jurisdiction should a party avoid the dispute resolution procedures and proceed to suit. However, in that case the parties did engage in the contractual dispute resolution procedures required by their contract (review by the Chief Engineer) and the complaint was dismissed as the plaintiff sought a de novo review of the issues as opposed to a review of the Chief Engineer's decision. (See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp., 208 AD2d 63, 66 [2nd Dept. 1995], aff'd, 87 NY2d 927 [1996].) Thus, this case falls under the usual rule that a CPLR Rule 3211 motion is appropriate when there has been an arbitration and award.

Footnote 9:The Appellate Division, First Department also dismissed a complaint Laquila Const., Inc. v. New York City Transit Auth. (282 AD2d 331 [1st Dept. 2001].) However, in that case the plaintiff did comply with the alternative dispute resolution procedures (referring issues to Chief Engineer). "Such a dispute arose, was submitted by plaintiff to the Chief Engineer and was resolved against plaintiff. Instead of seeking review as provided by CPLR Article 78, plaintiff commenced this plenary action which pleaded causes of action for breach of contract and quantum meruit." (Laquila Const., Inc. v. New York City Transit Auth., 282 A.D2d at 331—32.)

Footnote 10:See also Allied Bldg. Inspectors Int'l Union of Operating Eng'rs, Loc. Union No. 211, AFL-CIO v. Off. of Lab. Rels. of City of New York (45 NY2d 735, 738 [1978]: "An agreement to arbitrate is not a defense to an action (De Sapio v. Kohlmeyer, 35 NY2d 402, 404, n. 1, 362 N.Y.S.2d 843, 845, 321 N.E.2d 770, 771, Supra). Thus, it may not be the basis for a motion to dismiss. (See e. g., 8 Weinstein-Korn-Miller, N.Y.Civ.Prac., pars. 7503.19, 7503.20.) CPLR 7503 (subd. (a)) provides, instead, for a motion to compel arbitration. In the alternative, the court, without directing arbitration, may stay the action (see e. g., Matter of Methodist Church of Babylon (Glen-Rich Constr. Corp.), 29 AD2d 773, 287 N.Y.S.2d 728; 8 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 7503.18; see, also, McLaughlin, Supplementary Practice Commentaries, McKinney's Cons.Laws of NY, Book 7B, CPLR 7503, p. 275). The city, for some reason, did not move to compel arbitration. Instead, it moved for dismissal and for such other relief as the court deems just and proper. Since, as noted, a dismissal is improper, the appropriate remedy is a stay of the judicial proceeding."

Footnote 11:
 Notice of Motion (NYSCEF Docket # 7); Memorandum of Law in Support (NYSCEF Docket # 8); Affirmation in Support with exhibits (NYSCEF Docket #s 9-13); Affirmation in Opposition (NYSCEF Docket # 17); Affirmation in Opposition with exhibits (NYSCEF Docket #s 18-21); Affirmation in Opposition (NYSCEF Docket # 22); Memorandum of Law in Reply (NYSCEF Docket # 23). The Court did not consider the plaintiff's sur-reply papers.