Donaldson v Martuscello (2025 NY Slip Op 51503(U))

[*1]

Donaldson v Martuscello

2025 NY Slip Op 51503(U)

Decided on September 23, 2025

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2025
Supreme Court, Albany County

Jeffrey Donaldson, Plaintiff,

against
Daniel F. Martuscello, III, BRYAN MCCORKLE, JOHN DOES 1-5, Defendants.

Index No. 904519-25

LETITIA JAMES Attorney General of the State of New York By: Erin Mead Assistant Attorney General, of Counsel Attorney for Defendant Daniel F. Martuscello The Capitol Albany, New York 12224 
Mark A. Overall, Esq. UNITED LEGAL FIGHTERS Attorney for Plaintiff
3960 Harlem Road, Suite 4
Buffalo, New York 14226

Peter A. Lynch, J.

INTRODUCTION
This is an action for money damages against each defendant in their individual capacity.[FN1]
With that said, there is no claim that defendant Martuscello engaged in any direct attack against [*2]plaintiff. Rather, plaintiff alleges that in his capacity as the Commissioner of the NYS Department of Corrections and Community Supervision ("DOCCS"), Martuscello effected deliberate indifference to Plaintiff's safety, subjecting plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, and actionable pursuant to 42 U.S.C. §1983.

STATEMENT OF FACTS

For purposes of this motion, the facts are set forth in the verified complaint.[FN2]
As of
November 2, 2023, plaintiff was an incarcerated individual at the Woodbourne Correctional Facility (hereinafter "CF"), located at 99 Prison Road, Woodbourne, Sullivan County, New York.[FN3]
 Plaintiff claims that defendant McCorkle, and other corrections officers, violently attacked him, and caused him to sustain serious physical injuries, including a fractured jaw.[FN4]

In relevant part, the allegations against defendant Martuscello are:
"Defendant Martuscello had personal knowledge of the conditions which led to Plaintiff's assault. Defendant Martuscello allowed corrections officers proven to be problematic and violent to remain in their current roles, thus being in a position to assault Plaintiff and similarly situated individuals Defendant Martuscello knew about and disregarded, despite being personally aware of the level of violence, brutality, and even death that has persisted in DOCCS, generally, and in Woodbourne CF, specifically. D."[FN5] (Emphasis added)
In fine, plaintiff alleged defendant Martuscello had personal knowledge of general conditions existing in correctional facilities.

CPLR 3211 MOTION TO DISMISS [FN6]

Defendant Martuscello moved to dismiss the Complaint pursuant to CPLR R 3211(a) (7), on the ground that the allegations in the complaint failed to state a cause of action as a matter of law. 

STATEMENT OF LAW

The CPLR R 3211 (a) (7) review standard requires that a Court "must give the pleadings a liberal construction, accept the allegations as true and accord the Petitioners every possible favorable inference" (Chanko v. Am. Broad Companies, Inc., 27 NY3d 46, 52 [2016]; see also, Conklin v Laxen, 180 AD3d 1358, 1362 [4th Dept. 2020]; Piller v Tribeca Dev. Group LLC, 156 AD3d 1257, 1261 [3d Dept. 2017]). In Wedgewood Care Ctr. v. Kravitz, 198 AD3d 124, 130 [2d [*3]Dept. 2021], the court held, 
On a motion to dismiss for failure to state a cause of action, the pleading is to be afforded a liberal construction. The facts alleged in the complaint must be accepted as true, and the plaintiff is entitled to receive the benefit of every possible favorable inference. Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery.
However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration, nor to that arguendo advantage." (Internal quotations and citations omitted; emphasis added).
(See also, Easterbrooks v. Schenectady County, 218 AD3d 969, 970 [3d Dept. 2023], where the Court held,

"However, the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." (Internal quotations and citations are omitted; emphasis added)
The issue distills to whether Plaintiff has alleged sufficient facts to support a deliberate indifference claim which provides a right of recovery. I think not!

DELIBERATE INDIFFERENCE

In Farmer v. Brennan, 511 U.S. 825 [1994], the Court held, inter alia:
A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. (Id. at p. 828)
The Court rejected an objective standard of the term deliberate indifference, and determined,

"We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (Id. at 837) (Emphasis added)
In Tangreti v. Bachmann, 983 F.3d 609, 618-619 [2nd Circuit Court of Appeals 2020], the Court expanded upon the pleading requirement to set forth a deliberate indifference claim, holding,

Iqbal holds that a plaintiff may not rely on a special test for supervisory liability. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Accordingly, for deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead and prove that the [*4]supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it. See Farmer, 511 U.S. at 837." (Emphasis added) 
The Court noted,

"In this case, "[t]o state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" Vega, 963 F.3d 259, 273 (2d Cir. 2020) (quoting Farmer, 511 U.S. at 834). Deliberate indifference in this context "means the official must 'know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837)." (Id. at 618-619)." (Emphasis added) 
In a nutshell, plaintiff was required to plead sufficient facts to show that defendant Martuscello, subjectively, acted with the requisite deliberate indifference (See Johnson v Woodruff, 188 AD3d 1425, 1427 [3d Dept. 2020]). Plaintiff failed to do so.

Plaintiff, through counsel, claims,
"Plaintiff has alleged that Defendant Martuscello was subjectively aware about the danger posed to Plaintiff and failed to abate it."[FN7]
In turn, Plaintiff claims that defendant Martuscello bears the burden of proof to show he did not act with deliberate indifference toward plaintiff, citing Farmer v Brennan. Not quite!

Upon close examination of the complaint, there is no allegation that defendant Martuscello "was subjectively aware about the danger posed to Plaintiff and failed to abate it." Rather, as aforementioned, the allegations against Martuscello were couched in generalized terms relating to existing conditions of correctional facilities. Considering such general, and conclusory allegations, one cannot fairly draw any inference that defendant Martuscello was subjectively aware of and disregarded any danger to plaintiff. Given the pleading failure, there is no basis to impose any burden of proof on defendant Martuscello in the first instance (Cf. Abreu v. Lipka, 778 Fed. Appx. 28, 31 [2d Cir.2019]).

CONCLUSION

For the reasons more fully stated above, Defendant Martuscello's motion to dismiss the complaint as against defendant Martuscello only is granted.
This memorandum constitutes the decision and order of the Court.
Dated: September 23, 2025
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED:
All e-filed pleadings and exhibits
NYSCEF Doc. Nos. 1 to 11.

Footnotes

Footnote 1:NYSCEF Doc. No. 2 — Verified Complaint.

Footnote 2:NYSCEF Doc. No. 2 — Verified Complaint.

Footnote 3:NYSCEF Doc. No. 2 — Verified Complaint Part III, ¶ 1.

Footnote 4:NYSCEF Doc. No. 2 — Verified Complaint Part III, ¶ 3-5.

Footnote 5:NYSCEF Doc. No. 2 — Verified Complaint Part III, ¶ 5.

Footnote 6:NYSCEF Doc. No. 5- Motion to Dismiss.

Footnote 7:NYSCEF Doc. No. 10 — Memo of Law ¶ 4.